SANFORD (BRISTOL v.). See Case No. 1,-893.

---

## Case No. 12,312.

### SANFORD v. LACKLAND et al.

[2 Dill. 6.] [1]

Circuit Court, D. Missouri. 1871.

BANKRUPTCY—WHAT PROPERTY VESTS IN ASSIGNEE—BENEFICIAL INTERESTS UNDER WILL.

1. All the property of the bankrupt, except such as is specially exempted, vests in the assignee in bankruptcy.

2. A testator cannot give a devisee the beneficial interest in the estate devised, and annex to it the inconsistent condition that it shall not be liable for his debts, but he may provide that the estate of the devisee, on his becoming a bankrupt, shall determine and go somewhere else.

[Cited in Sparhawk v. Cloon, 125 Mass. 266.]

3. A testator gave to trustees an estate for the benefit of his son, but with directions that the trustees should hold it and its accumulations until the son should reach the age of twenty-six years; he was adjudged a bankrupt at the age of twenty-four years: *Held*, that the assignee in bankruptcy, as against the bankrupt, was entitled to the property held by the trustees.

[Cited in Claflin v. Claflin, 149 Mass. 23, 20 N. E. 454.]

Appeal from the district court of the United States for the Eastern district of Missouri.

The plaintiff is the assignee in bankruptcy of Wm. C. Hill. The defendants are Wm. C. Hill, Lackland and Clark, the executors and trustees named in the will of James B. Hill, and Edwards, trustee in a deed of trust for the benefit of Mathews, executed by William C. Hill on the property in controversy.

---

[1] [Reported by Hon. William Cranch, Chief Judge.]

[1] [Reported by Hon. John F. Dillon, Circuit Judge, and here reprinted by permission.]

The question in the case is, whether, subject to the Mathews deed of trust, the assignee in bankruptcy is entitled to the interest and right of William C. Hill in the property held by the executors or trustees named in his father's will, consisting of stocks, notes, and real estate. The essential facts are these: In 1862, James B. Hill, the father, died, leaving five children, three sons and two daughters. His will, admitted to probate in March, 1862, so far as material to the present controversy, is in these words: "All the residue of my estate, real, personal, and mixed, I give, devise, and bequeath unto Rufus J. Lackland and William G. Clark, and to the survivor of them, as trustees, in trust, however, to manage, control, and improve the said estate; to receive and collect the debts due me; to receive and collect the rents, issues, and profits of said property; to reinvest any money that may come into their hands as they may deem best or therewith improve any unimproved real estate, to rent or lease any portion of said real estate; and I do hereby invest them with full and complete authority to sell and convey in fee simple any of my real estate, and to reinvest the proceeds of such sales in other real estate, or otherwise, in their discretion, and in trust, as aforesaid, to manage, control, and keep together, my said property as one entire whole; and as I now have five children, to-wit—James B. Hill, William C. Hill, Anna M. Hill, Frank W. Hill, and Mary Hill, upon the further trust: First. Until my children respectively arrive at the age of twenty-one years, or get married, to provide for their support, maintenance, and education out of said estate, which support, maintenance, and education is to be taken as part of the expenses of my estate. Second. My said trustees shall, out of my said estate, pay to each one of my children (if in their opinion such advancement shall not probably amount to more than the equitable share of such child in my estate) as they respectively arrive at the age of twenty-one years, the sum of ten thousand dollars as an advancement, and shall, from the time of such advancement, charge such child with interest thereon at the rate of six per cent per annum, if such advancement be made before the partition hereinafter mentioned. Third. When my eldest child shall arrive at the age of twenty-six years, or if he shall not so long live, then when the next oldest surviving child shall attain that age, my said trustees shall, with the approval of the probate court of St. Louis county, make a partition of all said trust estate among my said children, share and share alike, charging, however, in such division and partition, any child who may have received an advancement as before mentioned, with such advancement, with interest thereon from the time when received as part and portion of the share coming to such child, and upon such partition shall forthwith convey to such eldest child, if such eldest child be a son, the portion allotted to him in absolute property, but shall hold the shares and portions of the others of said children until they severally arrive at the age of twenty-six years; and as the sons severally arrive at that age they shall convey to them the share and portion allotted to such son in absolute property." (And then follows a similar provision as to the share of the estate coming to the daughters.) "After the said partition shall have been made, my said trustees shall keep the portion and share of each of my children separate (except as before), with the rents, issues, and profits belonging to such portion."

On January 29, 1870, James B., the eldest son, became twenty-six years of age, and thereupon the trustees in the will, with the approval of the probate court, made partition of all the property held in trust among all the children, and there was an order of distribution in accordance with the terms of the will. The property allotted and set apart to the said William C. Hill consisted of specified stocks in certain banks, promissory notes, and real estate, which are still in the possession and custody of the trustees. On July 6, 1870, William C. Hill executed a deed of trust on the property which had been allotted to him to Edwards, trustee for Mathews, to secure ten thousand dollars, which is yet unpaid. The trustees under the will advanced to William C. the ten thousand dollars on his becoming twenty-one years of age. On November 28, 1870, a petition for adjudication in bankruptcy was filed against him, and he was adjudged a bankrupt. The property in the hands of the trustees belonging to him is of the value of $30,760, and he is now between twenty-four and twenty-five years of age. The bill sets out the foregoing facts, and prays that the property in the hands of the trustees allotted to William C. Hill may, subject to the incumbrance of Mathews, be decreed to belong to the assignee in bankruptcy. The district court overruled a demurrer to the bill, and entered a decree as prayed. [Case unreported.] The trustees and the bankrupt appeal.

Cline, Jamison, & Day, for complainant.
Slayback & Haussler and Lackland, Martin & Lackland, for defendants.

Before DILLON, Circuit Judge, and KREKEL, District Judge.

DILLON, Circuit Judge. The share of the bankrupt in his father's estate has been duly ascertained and set apart in severalty to him, but with the exception of the ten thousand dollars advanced on his attaining his majority is yet in the hands of the trustees, as he was not twenty-six years of age at the time he was adjudicated a bankrupt. By the bankrupt law [of 1867 (14 Stat. 517)], all the property of the bankrupt, with certain exemptions not necessary to be noticed, vests

in the assignee (section 14); and if William C. Hill owned or had a beneficial interest in the property in the hands of the trustees, it passed under the bankruptcy. That he was the owner of the property which had been allotted to him under the will can scarcely admit of a doubt. The will directs a partition of the trust estate to be made among the children, and this has been done, but it also provides that the trustees shall hold the shares of the children until the sons shall severally arrive at the age of twenty-six years, when they are directed to convey to such son his portion in absolute property.

This is not the case of a legacy or gift to vest if the legatee shall arrive at a specified age which has not yet been reached. Nor is the devise or gift to the son made on any condition; there is no limitation over in case the son shall, before attaining the age of twenty-six, become a bankrupt. If William C. had not been adjudged a bankrupt, and had died intestate before reaching the age of twenty-six, can it be doubted that his heirs would have taken the estate? It has not been questioned, nor could it be, that he had the power to mortgage this property for the money borrowed of Mathews. If the intention of the testator was to prevent the property from being liable for the debts of his son, his will fails to express that intention. The testator might have provided if the son should become bankrupt before reaching twenty-six, that his estate should then determine and go somewhere else; but he cannot give the beneficial interest and annex to it the inconsistent condition that it shall not be liable for the debts of the devisee. And in fact the father has not attempted to do this. The estate is given, and the only limitation expressed in the will is that the trustees shall hold it and its accumulations until he shall reach the specified age. The trustees have no beneficial interest in the estate they hold. By operation of the bankruptcy. William C. Hill has no longer any interest in it. It belongs to and is vested in the assignee for the benefit of creditors. The trustees now hold the property in trust for the benefit of these creditors, and as the strict execution of the trusts in the will have been thus rendered impossible, the court properly decreed that the property held by the trustees for the bankrupt should, subject to the Mathews incumbrance, be conveyed to the assignee in bankruptcy. The decree of the court is affirmed.

NOTE. In full support of the foregoing views, see Graves v. Dolphin, 1 Sim. 66; Green v. Spicer, 1 Russ. & M. 395; Brandon v. Robinson, 18 Ves. 429; Rochford v. Hackman, 10 Eng. Law & Eq. 64; Piercy v. Roberts, 1 Mylne & K. 4; Hallett v. Thompson, 5 Paige, 583; Bryan v. Knickerbacker, 1 Barb. Ch. 409; Havens v. Healy, 15 Barb. 296; Collier's Will, 40 Mo. 287, 325; Doe v. Lea, 3 Term R. 41; Nicoll v. Walworth, 4 Denio, 385; 4 Kent, Comm. 310; Say v. Jones, 3 Brown. Parl. Cas. 113; Will. Eq. Jur. 514, 515; Story, Eq. Jur. § 1216.