## In re BOOTH.

(District Court, N. D. Georgia. June 21, 1899.)

### No. 163.

1. BANKRUPTCY—SECURED CREDITORS — SALE OF MORTGAGED PROPERTY BY TRUSTEE.

Where it appears that it would be for the interest of creditors at large of the bankrupt to have real estate which is incumbered by a mortgage taken by the trustee, and administered with the balance of the estate, preserving the lien of the secured creditor, the court of bankruptcy has jurisdiction to order the trustee to take possession of such property, and to enjoin the secured creditor and others from selling it, or otherwise interfering with it.

2. SAME—REVIEW OF REFEREE'S FINDINGS.

When a referee in bankruptcy, upon examination of witnesses, has decided that it is for the interest of an estate in bankruptcy that real

property subject to a mortgage should be taken by the trustee, and sold in the bankruptcy proceedings, rather than sold by the secured creditor on foreclosure of his lien, the judge will not reverse his decision on appeal unless it is manifestly erroneous.

## In Bankruptcy.

Frank L. Upson, the referee in bankruptcy to whom this case was referred, found that the bankrupt had given to one of his creditors—Nickerson—a deed to certain real estate, to secure a loan, taking back a bond for title; and held that the two instruments, taken together, constituted an equitable mortgage. He also found that Nickerson, within four months prior to the filing of the petition in bankruptcy, and with knowledge that Booth (the bankrupt) was then insolvent, brought suit in a state court to foreclose his lien. Upon judgment recovered in this action the sheriff levied on the property in question. The referee found as a fact that the property would probably not command a higher price than the amount of the debt secured upon it, if sold by the sheriff at public sale, but that, if it were taken into the charge of the trustee in bankruptcy, and sold by him at private sale, it would probably bring its market value, which was considerably greater. He concluded that an injunction should issue forbidding the creditor and others from proceeding under the levy, and also an order directing the trustee to proceed to recover possession of the property from the sheriff.

Lumpkin & Burnett, for trustee in bankruptcy.
Strickland & Green, for creditor secured.

NEWMAN, District Judge. In this case the action of the referee is approved. I think the property should go into the possession of the trustee, as much of it as is not already in his possession, and be sold by him for the best interests of the creditors. Of course, existing liens must be carefully preserved, and as little expense incurred as is consistent with the proper administration of the estate. This case is not controlled at all by the recent decisions of our appellate court construing section 23b of the recent bankruptcy act (In re Abraham, 93 Fed. 767, 35 C. C. A. 592; Camp v. Zellars, 94 Fed. 799), but is controlled by sections 57e, 57h, in reference to secured creditors and the value of their security, etc. My understanding is that in bankruptcy the court has power to continue the trustee in possession in a case like this, where it appears to be for the advantage of the estate to have the mortgaged property brought into the bankruptcy court, and administered with the balance of the estate for the best interests of all the creditors. The referee has examined into this matter on the spot, with the witnesses before him, and it would be unwise, and contrary, I think, to the recognized rule, for this court to interfere with his conclusion in the matter, unless it is manifestly erroneous. Such is not the case here, and his decision in the matter must stand.