## In re BEAVER COAL CO.

(Circuit Court of Appeals, Ninth Circuit. March 3, 1902.)

### No. 740.

BANKRUPTCY—LIENS—VALIDITY.

    Bankr. Act 1898, § 67f, providing that "all levies, judgments, attachments or other liens" obtained through legal proceedings against an insolvent within four months prior to the filing of a petition in bankruptcy against him shall be void if he is adjudged bankrupt, does not

invalidate a lien obtained by the levy of an attachment more than four months prior to the bankruptcy proceedings, though dependent for enforcement on a judgment obtained within four months.

Petition to Review the Order and Judgment of the District Court of the United States for the District of Oregon.

See 110 Fed. 630.

On December 18, 1899, Alexander H. Kerr, the appellee herein, brought an action in the circuit court of the state of Oregon for Coos county against the Beaver Coal Company to recover $4,093.41, with interest and costs, and on the same day caused a writ of attachment to be issued in said action, and under said writ the sheriff seized certain personal property of the defendant in the action. On May 19, 1900, judgment was duly rendered in favor of the plaintiff for $4,233.66 and costs and disbursements, and the judgment entry contained an order directing the sale of the attached property to satisfy said judgment. On June 21, 1900, a petition in involuntary bankruptcy was filed against the Beaver Coal Company, and on August 3, 1900, it was adjudged a bankrupt. The appellee filed his claim against the estate of the bankrupt, asserting priority against the proceeds of the attached property. It was adjudged to have such priority, and from the decision of the district court so ruling the present appeal is taken.

W. W. Cotton, J. N. Teal, Wirt Minor, and Joseph Kirk, for petitioner.

Thomas G. Greene, Cecil H. Bauer, and William D. Fenton, for claimant.

Before GILBERT and MORROW, Circuit Judges, and HAWLEY, District Judge.

GILBERT, Circuit Judge, after stating the case as above, delivered the opinion of the court.

The attachment was issued and levied more than four months prior to the institution of the proceedings in bankruptcy, but the judgment was made and entered within less than four months prior to such proceedings. The question presented on the appeal is whether the appellee's lien was dissolved by the proceedings in bankruptcy, by virtue of section 67f of the bankruptcy act, which provides as follows:

"That all levies, judgments, attachments, or other liens, obtained through legal proceedings against a person who is insolvent, at any time within four months prior to the filing of a petition in bankruptcy against him, shall be deemed null and void in case he is adjudged a bankrupt, and the property affected by the levy, judgment, attachment, or other lien shall be deemed wholly discharged and released from the same."

The appellee undoubtedly obtained a lien by virtue of his attachment. Under the statute of Oregon, the attached property is held as security for the judgment, and the law goes so far as to provide that, as against third persons, the attaching creditor "shall be deemed a purchaser in good faith and for a valuable consideration of the property, real or personal, attached." Hill's Ann. Laws Or. § 150. Was the lien so obtained by the attachment lost or merged in the judgment, so that it can be said that the lien under which the appellee made his claim against the bankrupt estate was "obtained" by the judgment? If so, under the plain provision of the bankruptcy act it must be declared null and void. It is not disputed that, if no judgment had been taken, the attachment lien would have been at the time of the institution of the

proceedings in bankruptcy a valid and subsisting lien, for it had been obtained more than four months prior to such proceedings. We do not think the lien thus obtained was lost by reducing the claim to a judgment. By the law of Oregon, the lien of an attachment upon personal property is enforced by a provision in the judgment entry directing the sale of the attached property. The judgment order so made does not create a new lien nor discharge the old. It directs only the enforcement of the lien. It is similar in its nature to a decree for the foreclosure of a mortgage. It sustains the attachment lien, and subjects the attached property to its satisfaction. Construing the language above quoted from section 67f, we think it refers solely to liens, and that it does not mean that all judgments rendered within four months prior to bankruptcy shall be null and void. The use of the words "judgments * * * or other liens" indicates that it was the purpose of the act to avoid liens only which were obtained by judicial proceedings within the prescribed time, and not to declare void judgments as such. This view is in harmony with other provisions of the bankruptcy law. Judgments rendered, even after bankruptcy, are sustained as determining the claim thereby adjudged. Section 63a. In brief, the intention of the act was to set aside preference liens obtained by legal proceedings within four months prior to bankruptcy. The lien in the present case was "obtained" by the attachment. The bankruptcy law recognizes all valid liens that existed four months prior to bankruptcy proceedings. The attachment lien was not discharged nor was its nature altered by the judgment. It required no judgment or levy to make it good as a lien. It would have remained a valid lien if no judgment had been taken. No lien was "obtained" by the judgment, and none was lost thereby.

We are aware of decisions which are not in harmony with this view. In re Lesser (D. C.) 108 Fed. 201, Brown, district judge, held that the provisional lien acquired by an attachment more than four months prior to the filing of a voluntary petition in bankruptcy by the defendant is discharged where the judgment is not obtained until within four months prior to the filing of the petition. The court, in reaching this conclusion, was moved by the consideration that the attachment lien, under the laws of Connecticut, was but a provisional lien, only to be made effective through a judgment, levy, or demand, and by the opinion entertained by the court that all judgments obtained within the prescribed period were within the ban of the statute, and that unless a valid judgment could be rendered, and a valid levy could be made, no method remained to enforce the provisional lien. So, in Re Johnson (D. C.) 108 Fed. 373, Wheeler, district judge, held that the lien provided for under the statutes of Vermont does not become perfect as a charge upon the attached property until the recovery of the judgment and the taking in execution, and that, since the statute declares such judgment and levy void, a creditor, without them, has no perfect lien, and that the judgment and levy are wholly inoperative to perfect what was theretofore an imperfect lien. Lowell, district judge, however, in Re Blair (D. C.) 108 Fed. 529, held that by the statutes of Massachusetts an attachment creates a lien, and that the purpose of section 67f is to declare void only liens obtained by judgments, attach-

ments, or other legal proceedings, within the prescribed period prior to bankruptcy. Said the court:

"Where, however, the lien is created by the attachment, the judgment and levy create no new or additional lien, but only enforce a lien already existing. Hence in this case the levy and execution did not affect the property attached with a lien avoided by the bankrupt act, but only enforced a lien already existing, which lien the bankrupt act expressly protected."

With these views, and with those of the court herein appealed from, we agree.

The judgment of the district court is affirmed.