ing of a claim barred by the statute does not make it a provable claim. There is some apparent conflict of authority on this question, but this arises from the difference in the state laws. In this jurisdiction the statute is an absolute bar. These items in the claim cannot be proved or allowed if the facts are as understood.

The cause is remanded, that further proof may be heard in accordance with the foregoing suggestions.

## In re BALL.

### (District Court, D. Vermont. November 28, 1902.)

1. BANKRUPTCY—JURISDICTION OF BANKRUPTCY COURTS—INJUNCTION—RESTRAINING SALE UNDER BANKRUPT'S MORTGAGES.

Bankr. Act 1898, § 2, cl. 7 [U. S. Comp. St. 1901, p. 3421], conferring on the courts of bankruptcy the power to cause estates of bankrupts to be collected, reduced to money, and distributed, and determine controversies in relation thereto, except as otherwise provided, which exception is by section 23 of suits at law [U. S. Comp. St. 1901, p. 3431], as distinguished from proceedings in bankruptcy, authorizes a bankruptcy court to enjoin, pending the bankruptcy proceedings, the sale of a stock of merchandise by a mortgagee under mortgages executed by the bankrupt more than four months before his bankruptcy, where the value of the stock greatly exceeds the amount of the mortgages, and where, though conceding their validity, their effect in covering old and new goods may be questioned.

In Bankruptcy.

Porter & Thompson, for creditors and trustee.
Cook & Norton, for petitionee.

WHEELER, District Judge. This cause has been heard upon a petition of creditors for an injunction against the sale by Josephine Lee of a stock of hardware goods in a store occupied by the bankrupt, on mortgages more than four months old, pending the appointment of a trustee, on which a temporary stay was granted pending the motion. The value of the stock greatly exceeds the amount of the mortgages. The validity of these mortgages is not denied, but their effect and extent in covering old and new goods may come in question. This brings them well within the jurisdiction of the court of bankruptcy, as provided in section 2, cl. 7 [U. S. Comp. St. 1901, p. 3421], to "cause the estates of bankrupts to be collected, reduced to money and distributed, and determine controversies in relation thereto, except as herein otherwise provided." The exception is by section 23 of suits at law [U. S. Comp. St. 1901, p. 3431], "as distinguished from proceedings in bankruptcy." Bryan v. Bernheimer, 181 U. S. 188, 21 Sup. Ct. 557, 45 L. Ed. 814. This stock of goods is a part of the estate to be administered by the trustee, upon which the petitionee has only a lien, which, to its lawful extent, is to be respected and adjusted in the proceedings. A sale by her upon the mortgages, as threatened, would defeat this right, and confessedly waste the estate and wrong the general creditors, while in administration by the trustee her claims will be saved to her, by being left

to rest upon the proceeds. The injunction should therefore be continued pending the administration, which will leave the goods for the trustee, as a part of the estate, to be proceeded with under direction of the referee.

A motion is made for a direction for delivery to the trustee, but that is not deemed necessary, for it is not to be presumed or expected that the petitionee or any one will attempt to stand in the way of the trustee in taking possession of any of the estate.

Stay continued pending the proceedings.

---

### In re JONES et al.

#### (District Court, D. South Carolina. November 8, 1902.)

1. BANKRUPTCY—PARTNERSHIP—LIENS—PREFERENCE.

Under Bankr. Act 1898, § 3, subd. 2 [U. S. Comp. St. 1901, p. 3422], declaring it to be an act of bankruptcy for a person to transfer, while insolvent, any portion of his property to a creditor with intent to make a preference, section 60a [U. S. Comp. St. 1901, p. 3445], providing that the person shall be deemed to have given a preference if, being insolvent, he has made a transfer of any of his property which will enable a creditor to obtain a greater percentage of his debt than other creditors of the same class, and section 67e [U. S. Comp. St. 1901, p. 3449], declaring that conveyances or incumbrances of property made by a person adjudged bankrupt within four months thereof shall be void if made with the intent to hinder, delay, or defraud other creditors,—a mortgage, given by an insolvent firm, within four months of bankruptcy proceedings against it, to secure a past indebtedness, and which conveys all the firm property, is void as giving to the creditor a preference.

In Bankruptcy.

N. W. Hardin and Haynesworth, Parker & Patterson, for Pollock. Hall & Willis, for trustee.

BRAWLEY, District Judge. This case is before me on exceptions of A. H. Pollock to the report of the referee disallowing a chattel mortgage of two thousand ($2,000) dollars against the bankrupt estate.

Jones and Duff were partners engaged in a general mercantile business in the town of Blacksburg, S. C. They were also dealers in cotton in a small way. The business was conducted by Duff; Jones, the partner who furnished most of the capital, living in the country, and not giving much personal attention to it. The testimony shows that Duff bought 26 bales of cotton from A. H. Pollock in February, of the value of one thousand and forty ($1,040) dollars, the purchase being for cash, but the same was not paid, Pollock not pressing for the money and receiving no security, as he considered Jones & Duff perfectly safe. In April, Duff informed Pollock that he had the money to pay him for the cotton, but that he needed some money and wanted to borrow two thousand ($2,000) dollars, and Pollock loaned him nine hundred and sixty ($960) dollars, which, with the amount then due for the cotton, made the sum of two thousand ($2,000) dol-

118 F.—43