### In re SNELL et al.

(District Court, N. D. California. September 29, 1903.)

#### No. 4,294.

1. BANKRUPTCY—LIENS—RIGHT TO ENFORCE VALID ATTACHMENT.

A creditor who obtained a valid lien by attachment on property of a bankrupt more than four months prior to the bankruptcy is entitled to prosecute the action to judgment, and a sale of the attached property thereafter.

Edmund Tauszky, for the motion.
Haven & Haven, for bankrupt.

DE HAVEN, District Judge. This is a motion made by Albert Hirschfeld for a modification of the order heretofore made staying proceedings in an action pending in the superior court of the county of Nevada, state of California, entitled "Albert Hirschfeld, Plaintiff, vs. B. F. Snell and J. D. Fleming, Partners under the Firm Name of Snell & Fleming, Defendants." It appears from the affidavit filed in support of the motion (and the fact is not disputed) that the moving party, who is plaintiff in the action referred to, obtained a valid attachment upon certain property of the bankrupts more than four months prior to the commencement of the bankruptcy proceedings. Upon the authority of Metcalf v. Barker, 187 U. S. 165, 23 Sup. Ct. 67, 47 L. Ed. 122, and In re Beaver Coal Co., 113 Fed. 889, 51 C. C. A. 519, it must be held that the lien of this attachment, having been obtained more than four months prior thereto, was not affected by the bankruptcy proceedings; and from this it follows the plaintiff in the action referred to should be permitted to prosecute it to judgment, and satisfy the same by an execution sale of the attached property. See, also, in support of this conclusion, Brandenburg on Bankruptcy (3d Ed.) § 1114.

Motion granted.

¶ 1. See Bankruptcy, vol. 6, Cent. Dig. § 331.