## COLÓN *v.* COLÓN.

### APPEAL from the District Court of Arecibo.

No. 21.—Decided January 26, 1905.

MORTGAGES—BANKRUPTCY.—The provision of section 11 of the Bankruptcy Law of the United States, approved July 1, 1898, cannot have such a general scope as to permit them to be applied with respect to encumbrances constituted six years prior to the presentation of a petition in bankruptcy.

ID.—MORTGAGES OR ENCUMBRANCES CONSTITUTED AND RECORDED IN GOOD FAITH.—Mortgages or encumbrances constituted and recorded in the registry of property under such circumstances as show that they have been executed and accepted in absolute good faith and not with an intent to defeat the provisions of the Bankruptcy Act, cannot be affected by that law.

ID.—SUSPENSION OF FORECLOSURE PROCEEDINGS—JURISDICTION ACQUIRED BY INSULAR COURT PRIOR TO THE FILING OF PETITION IN BANKRUPTCY IN THE FEDERAL COURT.—The fact that after the commencement of a mortgage foreclosure proceeding in a district court, the debtor should file in the Federal Court a petition in bankruptcy, will not justify the suspension of the foreclosure proceeding, as the district court acquired jurisdiction of the subject matter and of the parties prior to the filing of the petition in bankruptcy, and under such conditions the proceeding will be prosecuted to a final determination in accordance with law.

ID.—TITLE PREVIOUSLY RECORDED.—Foreclosure proceedings shall not be suspended by reason of the claims of a third party, unless based upon a title previously recorded; nor by reason of the debtor's death, or that of a third party in possession, nor by a voluntary declaration of bankruptcy, or one made at the request of the creditors of any of them.

The facts are stated in the opinion.

*Mr. Mott,* for appellant.

*Mr. Guillermety,* for respondent. .

MR. JUSTICE FIGUERAS delivered the opinion of the court.

By deed executed in the city of Arecibo on May 27, 1897, Jaime Colón recognized that he was indebted to Juliana Colón for the sum of 20,000 *pesos,* provincial money, equivalent to $12,000, and to secure said debt and the stipulated interest thereon the debtor constituted a voluntary mortgage on a coffee plantation owned by him known as "La Mallorquina," situated in *barrio* Cialitos within the municipality of Ciales. Said debt not having been satisfied at maturity, the creditor, Juliana Colón, on July 9, 1903, brought in the Arecibo court an action for the recovery of $18,640, filing therewith a first copy of aforesaid deed as recorded in the registry of property, and a certificate issued by the registrar declaring that the mortgage did not appear cancelled and that it was not pending cancellation according to the day-book. The case was conducted under the summary foreclosure proceedings provided for by article 169 of the Regulations for the execution of the Mortgage Law. The debtor, Jaime Colón, was required to satisfy the sum demanded within the period of thirty days and having failed to do so the aforesaid plantation was twice offered for sale at public auction, but no bidders appearing the creditor requested that the same be

awarded to her, and for the purpose of giving her possession thereof a liquidation of the encumbrances affecting the property was ordered to be made. At this stage of the proceedings a communication appeared written in English which reads as follows:

"United States of America.—District of Porto Rico. I, H. H. Scoville, Clerk of the District Court of the United States for the District aforesaid, do hereby certify that on the eleventh day of December, A. D. 1903, Jaime Colón y Pons filed in this Court his balance sheet in triplicate with the proper petition requesting that he be declared a bankrupt, pursuant to the various acts of Congress for such cases enacted; and that said cause has been registered as a cause in bankruptcy under No. 13 of this Court. In witness whereof I hereunto affix my signature and the seal of this Court, in San Juan, Porto Rico, this eleventh day of December, A. D. 1903. H. H. Scoville, Clerk of the District Court of the United States. By Frank Antonsanti, Deputy Clerk."

This document was ordered to be attached to the record, and a liquidation of the encumbrances having been effected a request was again made for the desired award and possession. But the court, on January 5th of last year, declared that a decision could not be rendered and ordered a stay of proceedings, as it appeared that the debtor had filed a declaration of bankruptcy in the District Court of the United States for the District of Porto Rico. A motion for a reconsideration of this order was made and the debtor, who was notified of the same, simply filed with his petition a copy of the newspaper *Heraldo Español,* published in this city, which contains the following notice:

"In the District Court of the United States for the District of Porto Rico. In bankruptcy. In the Matter of Jaime Colón y Pons, Bankrupt. No. —. To the creditors of Jaime Colón y Pons, of the city of Ciales, and district aforesaid, Bankrupt: Notice is hereby given that on the 29th day of December, A. D. 1903, the said Jaime Colón y Pons was duly adjudicated bankrupt; and that the first meeting

of creditors will be held at my office, No. 1 Tetuan Street, in the city of San Juan, Porto Rico, on the 15th day of January, A. D. 1904, at 10 o'clock in the forenoon, at which time the said creditors may attend, prove their claims, appoint a trustee, examine the bankrupt, and transact such other business as may properly come before said meeting. January 5, 1904. Andrés B. Crosas, Referee in Bankruptcy.''

Thus matters stood when the Arecibo court, based on section 11 of the Act of Congress of the United States, entitled ''An Act to Establish a Uniform System of Bankruptcy Throughout the United States,'' approved July 1, 1898, denied the motion for a reconsideration in an order made on March 30 of last year. From this order an appeal was taken, the original record being then forwarded to this Supreme Court. The appellant appeared and in due course presented his brief and afterwards made an oral argument at the hearing opposing the stay of proceedings, alleging that it was contrary to the law itself and to the uniform jurisprudence established by the courts of the United States.

Counsel for the debtor, Jaime Colón, appeared at the hearing and filed a brief setting forth the reasons which in his judgment justified the stay of proceedings decreed by the Arecibo court.

We should not, however, overlook the statement made by counsel for the debtor, Jaime Colón, tending to put on record the fact that he is not a party to this action, on the ground that he had no capacity to act, said capacity being exclusively reserved to the bankruptcy trustee, and adding that he had presented the aforesaid brief only for the purpose of further enlightening this court.

The day after the hearing, that is to say, on the 3d instant, counsel for Jaime Colón filed with this court a copy of an application for an injunction decreed by the District Court of the United States and addressed to the District Court of Arecibo, for the purpose of staying the proceedings insti-

tuted by Juliana Colón against said Jaime Colón for the
recovery of a mortgage debt.

But this document makes no reference whatever to the
judicial proceedings, and it could only have been admitted
provisionally, especially as nothing therein is required of
this court.

Now then, both parties being agreed as to the facts, let
us consider the ground taken by the Arecibo court for decree-
ing the stay of foreclosure proceedings. Its action is based
on section 11 of the Act of the Congress of the United States
entitled "An Act to Establish a Unifom System of Bank-
ruptcy Throughout the United States," approved July 1, 1898.

Said section reads as follows:

"A suit which is founded upon a claim from which a discharge
would be a release, and which is pending against a person at the time
of the filing of a petition against him, shall be stayed until after an
adjudication or the dismissal of the petition; if such person is ad-
judged a bankrupt, such action may be further stayed until twelve
months after the date of such adjudication, or, if within that time
such person applies for a discharge, then until the question of such
discharge is determined."

But this provision cannot have such general scope as has
been assigned to it so as to include incumbrances which, like
the present one, date from the year 1897, or six years prior
to the declaration of bankruptcy, which act is also subsequent
by four months to the institution of the foreclosure proceed-
ing for its recovery and the stay whereof is now sought.

The bankruptcy law did not exist at the time the mortgage
was constituted and recorded in the registry of property,
and it is impossible to suppose that the incumbrance was
given and accepted in fraud upon said law which was not then
in existence. This being so, and there being no evidence
to the contrary, it must be concluded that aforesaid mort-
gage was constituted and recorded in absolute good faith,

and when perhaps Jaime Colón had not contracted the other debts which led to his declaration of bankruptcy.

These considerations are fully borne out by section 67, paragraph (d) of aforesaid act, which reads:

"Liens given or accepted in good faith and not in contemplation of or in fraud upon this Act, and for a present consideration, which have been recorded according to law, if record thereof was necessary in order to impart notice, shall not be affected by this Act."

But this is not all. With reference to the time of the constitution of liens and mortgages, and the fact that a state court had acquired jurisdiction over the subject-matter in controversy, prior to the bankruptcy proceedings quite a great number of decisions have been rendered which show that the stay of proceedings was improperly decreed. From among these decisions we must take notice of the doctrine contained in the following:

"a. In re Snell et al.—125 Fed. Rep., 154.—District Court N. D. California.—This is a motion made by Albert Hirschfeld for a modification of the order heretofore made staying proceedings in an action pending in the superior court of the county of Nevada, State of California, entitled 'Albert Hirschfeld, plaintiff, *v.* B. F. Snell and J. D. Fleming, partners under the firm name of Snell & Fleming, defendants.' It appears from the affidavit filed in support of the motion (and the fact is not disputed) that the moving party, who is plaintiff in the action referred to, obtained a valid attachment upon certain property of the bankrupts more than four months prior to the commencement of the bankruptcy proceedings. Upon the authority of *Metcalf* v. *Barker*, 187 U. S., 165; 23 Sup. Ct., 67; 47 L. Ed., 122; and *In re Beaver Coal Co.*, 113 Fed., 889; 51 C. C. A., 519, it must be held that the lien of this attachment, having been obtained more than four months prior thereto, was not affected by the bankruptcy proceedings; and from this it follows the plaintiff in the action referred to should be permitted to prosecute it to judgment and satisfy the same by an execution sale of the attached property. See also, in support of this conclusion, Brandenburg on Bankruptcy (3d Ed.), section 1114.

"b. In re Shoemaker.—112 Fed. Rep., 648, 650.—District Court

W. D. Virginia.—Where a State court has acquired jurisdiction over property of a debtor by the levy thereon of an execution issued on its judgment prior to the filing of a petition ·in voluntary bankruptcy by the judgment defendant, the court of bankruptcy will not interfere by injunction to restrain the sale of such property under the execution on petition of the bankrupt; but he will be remitted to the State court, which, by reason of its priority of jurisdiction, is entitled to determine the effect of the bankruptcy proceedings on the further execution of its process.   *   *   *   Solely on the ground that the State court had acquired jurisdiction on the subject-matter of this controversy prior to the institution of the bankruptcy proceedings, comity requires that this court should decline to enjoin the officer of that court.

"*c. In re Gerdes.*—102 Fed. Rep., 319.—District Court S. D. Ohio.—Courts of bankruptcy have jurisdiction to sell all real and personal property belonging to the bankrupt's estate. If the real estate be incumbered by liens, the liens may be redeemed or the property·sold subject thereto. But if the trustee desires to sell the real estate free of liens, without redemption, he must give the lienholders their day in court, because they are entitled to be heard before the property is discharged from their liens and their liens transferred to the fund arising from the sale thereof. The lienholders, unless they surrender their securities and prove their claims, are strangers to the bankruptcy proceedings, and are entitled to have their property rights adjudicated by the courts of the State in the county in which the real estate is situated. But in the case at bar the bankrupt court could not order the sale of the real estate in question, because it had already been sold, free of liens, by the State court, and it was no longer the property of the bankrupt or his trustee. Pruden's mortgage was made before the passage of the bankrupt act, and he had brought suit in the state court to foreclose it, and had obtained a decree of sale, and the appraisement had been made and the sale advertised, before the petition in bankruptcy was filed. The state court had jurisdiction of the subject-matter and of the parties, and the control of the property for the purposes of sale, and it is clear under the authorities that it had power to proceed with the sale and the distribution of the proceeds thereof, notwithstanding the commencement, pending the sale, of the proceedings in bankruptcy against Gerdes. Its jurisdiction was not ousted by the commencement of the proceedings in bankruptcy, and it has exclusive jurisdiction to determine and enforce the rights of Pruden in the property or its proceeds. (*Railroad Co.* v.

*Gomila,* 132 U. S., 478; 10 Sup. Ct., 155; 33 L. Ed., 400; *Moran* v. *Sturges,* 154 U. S., 256-265; 14 Sup. Ct., 1019; 38 L. Ed., 981.)''

From an examination of the Bankruptcy Act and of the construction placed upon it in numerous decisions, it is clearly seen that the application for a stay of these proceedings, instituted for the satisfaction of a mortgage lien should be denied; (1) because said lien is prior to the aforesaid Bankruptcy Act; (2) because the proceedings for the recovery of said lien are likewise prior to the declaration of bankruptcy made by Jaime Colón; (3) because aforesaid mortgage was constituted in good faith and without any intention of defeating the purposes of the aforesaid law, which in 1897 did not exist; and (4) because the Arecibo court had previously acquired jurisdiction of the subject-matter and of the parties to the litigation, and under such conditions said court should, in accordance with the law, continue the proceedings to a final determination. And it happens that in this particular case the said national Bankruptcy Law and opinions cited, constituting a sound construction thereof, are in perfect accord with the local Mortgage Law, article 133 whereof reads as follows:

''In no case shall the summary proceedings be suspended, on account of the objections of a third person, if they are not founded on a deed which has been previously recorded, nor by the death of the debtor, nor that of the third party owning the estate, nor by a declaration of bankruptcy, nor by the general assignment proceedings of creditors against any of them.''

Upon the strength of the foregoing we are of opinion, and so recommend, that the order of January 5, 1904, as also the concordant order of March 30th of the same year, be reversed, the order to stay the proceedings made by the Arecibo court being hereby vacated, said court to proceed with the foreclosure proceedings according to law.

*Decided accordingly.*

Justices Hernández, MacLeary and Wolf concurred.

Chief Justice Quiñones did not sit at the hearing of this case.