## In re JERSEY ISLAND PACKING CO.

### (Circuit Court of Appeals, Ninth Circuit.   June 5, 1905.)

#### No. 1,204.

1. CORPORATIONS—TRUST DEEDS—CHARACTER OF CONVEYANCE—BANKRUPTCY —RIGHTS OF TRUSTEE.

Where a corporation executed trust deeds for all of its property to secure debts not then due, such deeds were not absolute conveyances, but the grantor retained an interest in the property conveyed, which passed to its trustee in bankruptcy, for the benefit of unsecured creditors.

2. SAME—ELECTION.

Where property of a corporation was subject to a trust deed at the time a petition in bankruptcy was filed against it, the trustee was entitled either to refuse to take possession of the mortgaged property if its value, over and above the incumbrance, was not sufficient to justify an attempt to administer it, or assume possession and sell the same for the benefit of general creditors after satisfying the lien.

3. SAME—FORECLOSURE OF DEED—SALE—INJUNCTION—JURISDICTION.

Where, on the filing of a bankruptcy petition against an insolvent corporation, it was alleged that one of its officers was about to sell all its assets under trust deeds given to secure debts to him and his wife, which sale would result in their securing the property for the amount of their debts, but that, if the property was administered in bankruptcy, its proceeds would be sufficient to pay all the corporation's indebtedness, the court had jurisdiction to restrain such sale under Bankr. Act July 1, 1898, c. 541, § 2, cl. 15, 30 Stat. 545 [U. S. Comp. St. 1901, p. 3421], declaring that the courts of bankruptcy shall have power to make such orders and issue such process in addition to those specifically provided for as may be necessary to enforce the provisions of the act.

Petition for Revision of an Order of the District Court of the United States for the Northern District of California.

J. C. Campbell and Walter H. Linforth, for petitioners.

Frank & Mansfield, for respondents.

Before GILBERT and ROSS, Circuit Judges, and HAWLEY, District Judge.

GILBERT, Circuit Judge.   Myra E. Wright, William H. Wright, and W. L. Cobb have presented their petition under the provision of the bankruptcy act which gives to this court jurisdiction in equity  to superintend or revise in a matter of law the proceedings of the several inferior courts of bankruptcy, and they seek to revise an order of the District Court whereby they were enjoined from selling property of the Jersey Island Packing Company, a corporation, which property they were about to sell under the power of sale given to them in certain trust deeds.   The District Court made such a restraining order upon a petition of certain unsecured creditors of said corportion, which was filed in the District Court but three days before the date of the proposed sale, at the same time with a petition that the said corporation be adjudged a bankrupt. The former petition presented to the District Court, in substance, the following allegations:   That the assets of said alleged bankrupt consist of about 4,000 acres of land described in the petition, together with the improvements, machinery, implements, and tools thereon

138 F.—40

situated, all of the value of $400,000; that on February 14, 1902, a mortgage on said property was executed to the Mercantile Trust Company, a corporation, to secure $100,000, represented by bonds of said corporation; that, as the petitioners are advised and believe, the issue of said bonds was and is illegal and void, for the reason that they were not used for purposes and objects of the company, and were issued neither for money paid, labor done, nor property actually received; that on December 11, 1902, said corporation executed to the Germanic Trust Company, afterwards known as the Central Trust Company, a conveyance and assignment of all the property of said corporation, and on April 27, 1905, said Central Trust Company transferred all of said property to William H. Wright, who in said transfer was alleged to be the owner and holder of a note for $30,000 issued by said Jersey Island Packing Company, and secured by said deeds of trust; that on September 19, 1903, there was filed for record in Contra Costa county, Cal., another deed of trust, executed by said corporation to William H. Wright and Myra E. Wright, to secure the payment of $100,000; that in said deeds of trust it is provided that notice of a sale thereunder shall be published in a newspaper in the city and county of San Francisco, as well as a newspaper published in. the county in which the property is situated, and petitioners aver that notice has. been published under said provisions, and that the time of sale under said notices is May 22, 1905; that William H. Wright is the treasurer of said Jersey Island Packing Company, and that, as petitioners are informed and believe, he has attempted to conceal from said company and others interested the intended sale of said property; that, unless restrained by this court, said sale will be made on May 22, 1905, to the irreparable loss and injury of all unsecured creditors, and said trustees under said deeds of trust will be the only bidders at said sale, and will bid in the property for the amount of the indebtedness mentioned therein; that, if all the property of said alleged bankrupt is disposed of as a whole in this court, it will realize sufficient to pay all its indebtedness, secured and unsecured; and that the unsecured claims aggregate about $140,000.

It is earnestly insisted on behalf of the petitioners that the District Court had no jurisdiction to make the order enjoining the sale; that the deeds of trust are absolute conveyances of the property of the alleged bankrupt, and the right of the trustees thereunder to sell upon default is not and cannot be affected by the proceedings in bankruptcy. Upon the proposition that the trust deeds are absolute conveyances, the petitioners rely upon Powell v. Patison, 100 Cal. 234, 34 Pac. 676, and Moore v. Calkins, 95 Cal. 435, 30 Pac. 583, 29 Am. St. Rep. 128. The first of these cases goes no further than to recognize the established distinction between a defeasible and an absolute trust, and to say that the latter is a conveyance of property to a trustee for the purpose of selling it to pay debts, the effect of which is to pass the title unconditionally to the trustee, and to vest it in him unconditionally and indefeasibly for the purposes of the trust. The second case held only that the instrument then under consideration was a trust deed; that it conveyed to the

grantee, who was a creditor of the grantor, the legal title, and conferred on him the power to sell the property thus conveyed, and transmit the legal title to his grantee. The trust deeds of the alleged bankrupt's property in this case are clearly not in the nature of an absolute conveyance. They are conveyances to secure debts of the grantor not then due. "Like the mortgage at common law, the trust deed passes the legal title to the grantee in those jurisdictions where a mortgage passes such interest, and leaves in the grantor the equity of redemption only. Likewise in those states where it is held that the legal title remains in the mortgagor the same rule is generally applied in favor of the grantor in a trust deed." 28 Am. & Eng. Enc. of Law (2d Ed.) 753. The grantor of these trust deeds undoubtedly retained an interest in the property conveyed, which in bankruptcy would pass to its trustee for the benefit of its unsecured creditors. In re Union Trust Company, 122 Fed. 937, 59 C. C. A. 461. The filing of a petition in bankruptcy is in substance and effect an attachment and an injunction, and it places the property of the bankrupt constructively in the custody of the court of bankruptcy. Loveland on Bankruptcy, § 150; In re Weinger, Bergman & Co. (D. C.) 126 Fed. 875. Property on which there is a mortgage or other lien passes to the trustee in bankruptcy, and is therefore in the custody of the court of bankruptcy. In re Rochford, 124 Fed. 182, 59 C. C. A. 388; In re Kellogg, 121 Fed. 333, 57 C. C. A. 547; Chauncey v. Dyke Bros., 119 Fed. 1, 55 C. C. A. 579; In re Booth (D. C.) 96 Fed. 943. And the beneficial interest of a bankrupt in property held in trust passes, also, in all cases where that interest might have been transferred to another by the bankrupt, or might have been levied upon under judicial proceedings against him. Stanford v. Lackland, 2 Dill. 6, Fed. Cas. No. 12,312; Spindle v. Shreve, 111 U. S. 542, 4 Sup. Ct. 522, 28 L. Ed. 512. The trustee in bankruptcy has the election to refuse to take possession of mortgaged property, if its value, over and above the incumbrance, is not sufficient to justify an attempt to administer it. It is true that the bankruptcy act provides that liens such as the lienholders had under the trust deeds in this case shall not be affected by bankruptcy, but that is far from saying that such lienholders may, after the commencement of proceedings in bankruptcy against the debtor, proceed to enforce their liens or contracts in the manner prescribed in the instruments which create them; and this is true whether such lien is an ordinary mortgage, or a deed of trust with provision for a strict foreclosure by a notice and sale. The provision of the bankruptcy act that such a lien shall not be affected by the bankruptcy proceedings has reference only to the validity of the lienholder's contract. It does not have reference to his remedy to enforce his right. The remedy may be altered without impairing the obligation of his contract, so long as an equally efficient and adequate remedy is substituted. Every one who takes a mortgage, or deed of trust intended as a mortgage, takes it subject to the contingency that proceedings in bankruptcy against his mortgagor may deprive him of the specific remedy which is provided for in his contract.

The petitioners cite and rely upon the decision in Re Snell et al. (D. C.) 125 Fed. 154. That was a case in which the District Court dissolved an order which it had theretofore made staying proceedings in an action pending in a state court. There was no dispute that the creditor of the bankrupts in that case had obtained a valid attachment upon the property of the bankrupts more than four months prior to the commencement of the bankruptcy proceedings. The court held that he should be permitted to prosecute his action to judgment, and satisfy the same by an execution sale of the attached property. This was held on the authority of Metcalf v. Barker, 187 U. S. 165, 23 Sup. Ct. 67, 47 L. Ed. 122, and In re Beaver Coal Co., 113 Fed. 889, 51 C. C. A. 519. In Metcalf v. Barker it was held that a lien obtained upon the property of a bankrupt by proceedings in the state court more than four months prior to bankruptcy was superior to the title of the trustee, and that the District Court of the United States has no jurisdiction to enjoin the enforcement of such a lien. Said the court:

"The state courts had jurisdiction over the parties and the subject-matter, and possession of the property. And it is well settled that, where property is in the actual possession of the court, this draws to it the right to decide upon conflicting claims to its ultimate possession and control."

In the present case there was no jurisdiction over the property of the bankrupt in any other court. The only jurisdiction was in the court of bankruptcy. The interest of the bankrupt in the mortgaged property will pass to the trustee when he is appointed, and in the meantime it is under the protection of the bankruptcy court.

The petitioners also cite In re Browne (D. C.) 104 Fed. 762. In that case McPherson, District Judge, while declining to pass on the question whether the court had jurisdiction to interfere and prevent a fraudulent or oppressive exercise of the right of sale of personal property which had been pledged by the bankrupt more than four months prior to bankruptcy, in a case where it had been agreed that the creditors intended to deal fairly with the property pledged, and to make an honest offer to sell for the best prices that could be obtained, was of the opinion that the bankruptcy act gave the court no authority to interfere between the creditors and the exercise of their right to sell given them by the collateral notes. It may be remarked in this connection that the interest of a pledgee differs from that of a mortgagee. The pledgee has a special property in the thing pledged, which entitles him to the possession, to protect which he may mantain detinue, replevin, or trover, and the interest of the pledgor is not subject to execution. The decision in Re Browne may be accepted as authority for the proposition that a District Court will not interfere with a sale by a pledgee of the thing pledged, under the power of sale given by the terms of his contract, when there is no claim that such power is exercised in a fraudulent or oppressive manner.

The bankruptcy act provides (Act July 1, 1898, c. 541, § 2, cl. 15, 30 Stat. 545 [U. S. Comp. St. 1901, p. 3421]) that courts of bankruptcy shall have power to make such orders, issue such process, and enter such judgments, in addition to those specifically pro-

vided for, as may be necessary for the enforcement of the provisions of the act. Under this provision the court may, upon proper application and cause shown, restrain not only the debtor, but any other party, from making any transfer or disposition of any part of the debtor's property, or from any interference therewith. Beach v. Macon Grocery Co., 116 Fed. 143, 53 C. C. A. 463. In that case creditors who had filed an involuntary petition in bankruptcy against their debtor filed therewith an ancillary bill in equity, alleging that a third person claimed possession and ownership of property which was in fact a part of the bankrupt's estate. The Circuit Court of Appeals for the Fifth Circuit held that the court had the power to issue an injunction restraining such person from selling or incumbering the property pending the hearing on the petition, and, in case an adjudication of bankruptcy were made, until the trustee could proceed adversely against the claimant to determine the title to the property.

We are of the opinion that the District Court had jurisdiction to make the restraining order. Of the propriety of that order, assuming that the court had the power to make it, there can be no question. All the property of the alleged bankrupt was about to be sold, at the instance of its treasurer, to obtain satisfaction of debts owing to him and his wife, secured by the trust deeds. These facts evidently came to the knowledge of unsecured creditors but a few days before the proposed sale. They had no time in which to bring the creditors together, or to secure bidders for the property, or otherwise to protect their interests. The sale of the property under the trust deeds would have extinguished the equity of redemption. By selling the property under the direction of the bankruptcy court, the interests of all parties may be protected, and the trustees of the trust deeds will not be injured. They will be entitled to the proceeds of the sale to the same extent that they would have been if they had themselves made the sale under the power of sale given them by the trust deeds.

The order of the District Court is affirmed.