## In re JAMES CAROTHERS & CO.

(District Court, W. D. Pennsylvania. March 31, 1911.)

No. 4,132.

BANKRUPTCY (§ 261*)—PLEDGED SECURITIES—SALE—NOTICE TO CREDITOR.

Bankr. Act July 1, 1898, c. 541, § 2 (15), 30 Stat. 545 (U. S. Comp. St. 1901, p. 3421) authorizes courts of bankruptcy to make such orders, issue such process, and enter such judgments, in addition to those specifically provided for, as may be necessary for the enforcement of the provisions of the act; and General Order No. 18 contemplates the immediate sale, without notice, of certain property. *Held* that, while the act requires notice to be given to creditors of sales by trustees, it does not require notice to be given of sales by pledgees, and hence a trustee, while acting as receiver, was not chargeable for a sale of· pledged collaterals under an order authorizing a public or private sale thereof, without notice to creditors.

[Ed. Note.— For other cases, see Bankruptcy, Cent. Dig. §§ 361, 362; Dec. Dig. § 261.*]

In the matter of the estate of James Carothers & Co. On certificate of referee to review an order refusing to· surcharge the trustee because of alleged improper sales of pledged securities. Affirmed

Chantler & McClung, for trustee.
John O. Pettey and R. B. Petty, for exceptants.

ORR, District Judge. This matter comes before the court upon a certificate of the referee: First, whether the trustee should be surcharged with the difference between the highest selling price of certain securities and the actual price realized thereon by the said trustee on selling such securities without authorization and in contravention of the statutory requirement of notice to creditors of such sales; second, whether the trustee should be surcharged with the difference between the highest selling price of certain securities and the price actually received by the said trustee on sales made of said securities to various persons under order of the district court without notice to the creditors.

The referee decided these questions in the negative. The exceptions filed by the creditor to the referee's report are so indefinite that they

perhaps ought not to be considered. But, assuming them to be sufficient, although they do not specify the securities sold by the trustee, or the price at which they were sold, or the values, some consideration of the creditors' complaint is perhaps proper.

Counsel for the creditor in his oral argument and his brief submitted complains that the trustee, then being receiver of the bankrupt estate, sold securities which had been pledged by the bankrupts under an order of this court over two years ago, which authorized him to sell the same with the consent of the banks and other pledgees "at public or private sale, at such time and in such amounts and for such prices as may be mutually satisfactory to the pledgees thereof and to the receiver." The special complaint is that there was nothing in the order about *notice to creditors*. The receiver and trustee should not be held responsible for obedience to the orders of this court. Nor was the order of the court improvidently entered under the circumstances of the case. If there had been no order in effect limiting the right of the pledgees to enforce the contract of pledge, the securities pledged might have been sold without the knowledge of the receiver. It appeared to the court that the securities were held by the pledgees under contracts which permitted the sale of the several pledges, with or without notice, and at public or private sale, as the pledgees might determine. In the contracts of pledge there was no provision for notice to anybody, and why notice should be required to be given to creditors of sales which the receiver could not make without the consent of the pledgees, and of sales which the pledgees were perhaps improperly restrained from making, we cannot see. The fluctuating character of stocks and bonds suggests the propriety of sale in the open market without notice for the best price that can be obtained. Where pledgees might not be willing to wait, lest there be a loss to them by the diminution in value of the pledges, it is unreasonable and inequitable that they should be delayed until all the creditors of the bankrupt could be communicated with.

While the bankrupt act does require notice to be given to creditors of sales by trustees, it nowhere requires notice to be given to creditors of sales by pledgees. Section 2 (15) expressly authorizes courts of bankruptcy "to make such orders, issue such process, and enter such judgments in addition to those specifically provided for as may be necessary for the enforcement of the provisions of this act." General Order No. 18 contemplates the immediate sale, without notice, of certain property. There is nothing in the contention of the complaining creditor.

The decision of the referee must be sustained, and the questions answered in the negative.