### In re BEKINS et ux.
### No. 32844.

District Court, W. D. Washington, N. D.
July 3, 1933.

McClure &. McClure, of Seattle, Wash., for bankrupts.

Henderson, Carnahan & Thompson, of Tacoma, Wash., Post, Russell, Davis & Paine, of Spokane, Wash., Wood, Montague, Matthiessen & Rankin, of Portland, Or., for petitioners.

NETERER, District Judge.

On February 4, 1933, the Fidelity Savings & Loan Association, a Washington corporation, of Spokane, Wash., one of the petitioning creditors, commenced an action in foreclosure on real estate situated in Spokane county, Wash., and filed lis pendens with the county auditor the same day. The summons and complaint were served on the alleged bankrupts on February 7 following. On April 27, 1933, it joined in a petition for involuntary bankruptcy proceedings against Bekins and Bekins, alleging execution of a note in the sum of $80,000 on April 7, 1930, and a mortgage on real estate in Spokane to secure the payment thereof, together with taxes and insurance, in which default of payment is made; that the last half of said (1931) taxes, amounting to $1,242.87 are unpaid by bankrupts; that no payments upon said mortgage, either principal or interest, subsequent to November 30, 1932, have been made and that February 4, 1933, the entire sum was declared due; that the property at the time of filing the petition was not to exceed $50,000 in value; that there is due $22,000.

The sufficiency of the petition was challenged by motion, and the court held the petition insufficient. Permission to amend was granted, and an amended petition was filed on June 6, 1933. On May 24, 1933, it caused judgment to be entered in the state court case for the principal sum claimed due and attorney's fees and costs, and foreclosing defendant's mortgage upon the real estate.

The order of sale has been issued out of the state court and the property advertised for sale. Petition to enjoin the sale is presented on the ground that the alleged bankrupts at all times up to the filing of the petition were, and still are, in possession of the real estate, except that filing of the petition has transferred the property into custodia legis.

The adjudication, if made, would be as of the date of the filing of the original petition, April 27, 1933. The Fidelity Savings & Loan Association contends that it has a fixed lien upon the property, and has right of foreclosure, irrespective of the bankruptcy proceeding.

The owners, alleged bankrupts, being in the possession of the property at the date of the institution of the foreclosure proceedings, and subsequent, does not place the property in custodia legis of the state court. Straton v. New, 283 U. S. 318, 51 S. Ct. 465, 75 L. Ed. 1060. More recently, in Gross et al. v. Irving Trust Co., 289 U. S. 342, 53 S. Ct. 605, 606, 77 L. Ed. 1243, the court says: "Upon adjudication of bankruptcy, title to all the property of the bankrupt, wherever situated, vests in the trustee as of the date of filing the petition in bankruptcy. The bankruptcy court has exclusive jurisdiction, and that court's possession and control of the estate cannot be affected by proceedings in other courts, state or federal. Isaacs v. Hobbs Tie & T. Co., 282 U. S. 734, 737, 51 S. Ct. 270, 75 L. Ed. 645, and cases cited. Such jurisdiction having attached, control of the administration of the estate cannot be surrendered

even by the court itself. * * * 'The filing of the petition is a caveat to all the world and in effect an attachment and injunction.' * * ? "

■ The institution of the bankruptcy proceedings, to which the Fidelity Savings & Loan Association is a party, did bring the property into custodia legis of the bankruptcy court, effective on adjudication. There is no allegation in the petition that the property covered by the mortgage has depreciated in value by reason of any holocaust or special agency operating thereon since the execution of the mortgage, and in the absence of such showing the court must presume, in less than three years, the property value did not decrease to $50,000, as alleged, from a value it must have had when the mortgage was executed, or $160,000 to $240,000, based upon the rule of loan value of such associations, which the court may judicially notice in this relation. No association would make a loan on property for $80,000, if that represented more than from 33⅓ per cent. to 40 per cent. of the value of the property. A 40 per cent. loan value would make it worth $200,000, and a 33⅓ per cent. loan value would make it worth $240,000. And there must be substantial equity brought into the bankruptcy court.

The savings and loan association was one of the parties to place the alleged bankrupt's property under the control of the bankruptcy court for equal distribution; its mortgage lien being preferred. After the filing of the petition, the jurisdiction of this court is so far in rem that the estate is in custodia legis from that date. Straton v. New, 283 U. S. 318, 51 S. Ct. 465, 75 L. Ed. 1060. It was competent for the savings and loan association to abandon its state court proceeding and elect the bankruptcy court as a tribunal for the administration and equal distribution of the estate, with mortgage lien preferred.

■■ A creditor may not further proceed in the state court to obtain possession of the property which is in the possession of the bankruptcy court. This court in Re Commonwealth Lumber Co., 223 F. 667, held that creditors participating in a receivership proceeding in a state court, which has custody of the property, may not maintain a petition in bankruptcy against the same concern, and, by the same token, the Fidelity Savings & Loan Association may not proceed in both jurisdictions at the same time. When it invoked the jurisdiction of the bankruptcy court and brought the property to the bankruptcy court for equal and fair distribution, it may not thereafter revive the proceeding in the state court and pursue a remedy originally pending, contrary to and in disparagement of the prayer of its petition and its amended petition in the bankruptcy court.

■ The sheriff should be restrained from proceeding in the sale of the property brought into the custody of this court by the voluntary act of the Fidelity Savings & Loan Association, petitioning creditor. Isaacs v. Hobbs Tie & T. Co., 282 U. S. 734, 51 S. Ct. 270, 75 L. Ed. 645; Belfast Sav. Bank v. Stowe (C. C. A.) 92 F. 101; In re Ball (D. C.) 118 F. 672; In re Jersey Island Pack. Co. (C. C. A.) 138 F. 625, 2 L. R. A. (N. S.) 560; In re James Carothers & Co. (D. C.) 193 F. 687.

An order may be forthwith presented; a bond in the sum of $250 to be filed to meet expense of advertisement for sale should the order be reversed on appeal, or, on trial, adjudication fail.

## THE PAUL L.
### No. 13177.

District Court, W. D. Washington, N. D. Feb. 16, 1933.

