### COLÓN *v.* COLÓN.

Apelación procedente de la Corte de Distrito de Arecibo.

No. 21. Resuelto en Enero 26, 1905.

Hipotecas.—Quiebra. Las disposiciones de la Sección 11 de la Ley de Quiebra del Congreso de los Estados Unidos, aprobada en Julio 1, 1898, no pueden tener un alcance tan general que permita darles aplicación con respecto á gravámenes constituídos con seis años de anterioridad á la presentación del deudor en quiebra.

Hipotecas ó gravámenes constituídos y registrados de buena fe.—Las hipotecas ó gravámenes constituídos y registrados en el Registro de la Propiedad en circunstancias tales que demuestren que han sido otorgados y aceptados con absoluta buena fe, y no con ánimo de burlar las disposiciones de la Ley de Quiebra, no pueden ser afectados por esta ley.

Id.—Suspensión del procedimiento ejecutivo.—Jurisdicción adquirida por la Corte Insular con anterioridad á la presentación de una petición de quiebra en la Corte Federal. La circunstancia de que después de iniciado un procedimiento sobre ejecución de hipoteca, en una Corte de Distrito, el deudor presentare en la Corte Fedral una solicitud intresando se le declare en estado de quiebra, no es motivo que justifique la suspensión del procedimiento de ejecución, pues dicha Corte de Distrito adquirió jurisdicción sobre la materia y sobre las personas, con anterioridad á la petición de quiebra, y en tales condiciones, procede que continúe el procedimiento con arreglo á ley, hasta llevarlo á completa terminación.

Id.—Título anteriormente inscrito. El procedimiento ejecutivo no se suspenderá por las reclamaciones de un tercero, á no ser que se fundaren en un título anteriormente inscrito, ni por la muerte del deudor, ó del tercer poseedor, ni por la declaración de quiebra, ni por el concurso de acreedores de cualquiera de ellos.

Los hechos están expresados en la Opinión.

Abogado del apelante: *Sr. Mott.*

Abogado del apelado: *Sr. Guillermety.*

EL JUEZ ASOCIADO SR. FIGUERAS, emitió la Opinión del Tribunal.

Por escritura otorgada en la ciudad de Arecibo el veinte y siete de Mayo de mil ochocientos noventa y siete, reconoció Don Jaime Colón adeudar á Doña Juliana Colón la suma de veinte mil pesos de moneda provincial, equivalentes hoy á la cantidad de doce mil dollars y en garantía de esa deuda y de los intereses que también se convinieron, constituyó el deudor hipoteca voluntaria sobre una finca de café de su propiedad denominada "La Mallorquina", radicada en el barrio de Cialitos, término municipal de Ciales. No habiéndose satisfecho la deuda á su debido tiempo, la acreedora Doña Juliana Colón, con copia primordial de dicha escritura, inscrita en el Registro de la Propiedad, y con certificación expedida por esta Oficina, creditiva de no estar cancelado, ni pendiente de cancelación, el mencionado crédito, según el libro Diario, presentó su reclamación por diez y ocho mil seiscientos cuarenta dollars, en nueve de Julio de mil novecientos tres, ante la Corte de Arecibo, siguiendo el procedimiento ejecutivo sumarísimo que prescribe el artículo 169 del Reglamento para la ejecución de la Ley Hipotecaria. Se requirió sin éxito al deudor Jaime Colón para que en el término de treinta días satisficiese la cantidad reclamada y entonces se sacó á subasta la finca por dos veces, sin que se presentaran licitadores, por cuyo motivo la acreedora solicitó su adjudicación y posesión y para otorgarla se mandó practicar y se practicó la correspondiente liquidación de cargas que afectaren al inmueble, y en ese estado aparece un documento escrito en Inglés, cuya traducción es la siguiente:

"Estados Unidos de América.—Distrito de Puerto Rico. Yo H. II. Scoville, Secretario (Clerk) de la Corte de Distrito de los Estados

Unidos para el Distrito antes dicho, por la presente certifico que el día once de Diciembre del año mil novecientos tres, Jaime Colón y Pons presentó en este Tribunal su balance por triplicado con la correspondiente solicitud pidiendo que se le declarara en estado de quiebra de acuerdo con las varias leyes del Congreso dictadas para tales casos; y que dicha causa ha sido registrada como causa de quiebra bajo el número trece de esta Corte. En testimonio de lo cual firmo y sello la presente con el de este Tribunal en San Juan de Puerto Rico, once de Diciembre de mil novecientos tres. H. H. Scoville, Secretario de la Corte de Distrito de los Estados Unidos. Por Frank Antonsanti. Subsecretario.''

Dicho documento se mandó agregar á los autos, y hecha ya la liquidación de cargas se pide otra vez la adjudicación y posesión, y entonces el Tribunal, en cinco de Enero del año anterior, declara que no ha lugar á proveer y ordena la suspensión del procedimiento porque constaba que el deudor se había presentado en quiebra ante la Corte de Distrito de los Estados Unidos para el Distrito de Puerto Rico. De ese provisto se pidió reposición y se dió traslado al deudor, quien se limitó simplemente á presentar con un escrito un ejemplar del periódico ''Heraldo Español'', que se publica en esta ciudad, y en él consta el siguiente edicto, que traducido dice así:

''En la Corte de Distrito de los Estados Unidos para el Distrito de Puerto Rico. En Procedimientos de quiebra establecidos por Jaime Colón y Pons, declarado en estado de quiebra. No.—A los acreedores de Jaime Colón y Pons, de la ciudad de Ciales, y del Distrito antes dicho, en procedimiento de quiebra, por la presente se avisa que el veinte y nueve de Diciembre del año mil novecientos tres dicho Jaime Colón y Pons fué debidamente declarado en estado de quiebra, y que la primera reunión de acreedores tendrá lugar en mi oficina, calle de Tetuán número 1 en la ciudad de San Juan, P. Rico, el día quince de Enero de mil novecientos cuatro, á las diez de la mañana, á cuya hora deberán los acreedores concurrir, para presentar sus reclamaciones, nombrar un Trustee, tomar declaración al insolvente y transar ó resolver sobre todos los demás asuntos que propiamente puedan presentar á la reclamación de la Junta. Enero 5 de 1904.—Andrés B. Crosas, Referee in Bankruptcy.''

Así las cosas, fundado el Tribunal de Arecibo en la sección 11 de la Ley del Congreso de los Estados Unidos, denominada "Una ley para establecer un sistema uniforme de quiebra en los E. U.", aprobada en Julio 1 de 1898, negó la reposición en auto de treinta de Marzo del año anterior, contra cuyo provisto se interpuso recurso de apelación y en su virtud se elevaron á esta Suprema Corte los autos originales personándose el apelante, quien á su debido tiempo presentó su alegato, que luego desarrolló oralmente en el acto de la vista, impugnando la suspensión del procedimiento por ser contraria á la misma ley y á la constante jurisprudencia de los Tribunales de los Estados Unidos.

Concurrió al acto de la vista la representación del deudor Don Jaime Colón, y presentó un brief alegando los motivos que á su juicio aconsejaban la suspensión que había decretado la Corte de Arecibo.

Pero no debe pasarse en silencio la manifestación que hizo la representación del deudor Don Jaime Colón, tendente á dejar consignado que no era parte en este asunto, porque no tenía personalidad para gestionar, facultad que estaba reservada exclusivamente al síndico de la quiebra, y añadió que sólo para mayor ilustración de esta Corte había presentado el referido brief.

Al día siguiente de la vista, ó sea el trece del corriente, presentó ante esta Corte, la misma representación de Don Jaime Colón, una copia de una petición de injunction decretada por la Corte de Distrito de los Estados Unidos y dirijida á la Corte de Distrito de Arecibo, con el fin de que ésta suspenda el procedimiento entablado por Doña Juliana Colón contra dicho Don Jaime, en cobro de su crédito hipotecario.

Pero ese documento en nada se refiere á las actuaciones y sólo provisionalmente ha podido admitirse, tanto más cuanto que en él nada se solicita de este Tribunal.

Ahora bien, y estando conformes las partes en los he-

chos, veamos el único fundamento del Tribunal de Arecibo para decretar la suspensión del procedimiento sumarísimo. Ese fundamento.es la Sección 11a. de la Ley del Congreso de los Estados Unidos denominada una ley para establecer un sistema uniforme de quiebra, aprobada en Julio 1 de 1898.

Esa sección dice así:

"Todo pleito fundado en una reclamación de la cual la sentencia final en el procedimiento de quiebra relevaría á la persona obligada y el cual pleito estuviera pendiente contra tal persona al tiempo de presentarse una petición para declararla en quiebra, será suspendido hasta que se dicte auto concediendo ó rechazando la petición. Si á dicha persona se le declarare en quiebra, el pleito será suspendido hasta doce meses después de la fecha del auto, ó si dentro de este término dicha persona pidiere ser relevada de sus deudas por sentencia final, entonces será suspendido hasta la resolución de tal petición."

Pero esa disposición no puede tener un alcance tan general como el que se le da, de modo que comprenda graváменes que, como el presente, datan del año de 1897 ó sea seis años antes de la presentación en quiebra, hecho que también es posterior en cuatro meses á la iniciación del procedimiento ejecutivo para su cobro, y que hoy trata de suspenderse.

No existía esa ley de bancarrota cuando la hipoteca se constituyó y se registró en el Registro de la Propiedad, y es imposible suponer que el cargo fué dado y aceptado en fraude de esa ley que entonces no existía, y siendo esto así, y no habiendo prueba en contrario, hay que concluir aceptando que esa hipoteca se constituyó y registró con absoluta buena fé y cuando quizás no tenía Don Jaime Colón las otras deudas que han determinado su presentación en.quiebra.

A estas consideraciones dá su sanción más cumplida la Sección 67, sub-división (d) de la ley citada cuando dice:

"Cargos ó gravámenes dados y aceptados en buena fé y no en con-
templación ó en fraude de esta ley y por causa presente y que han sido
registrados de acuerdo con la ley cuando fuere necesario para dar no-
ticia de ellos, no serán afectados por esta ley."

Pero hay más; en consideración al tiempo de la consti-
tución de los gravámenes ó hipotecas, y en atención á ha-
ber adquirido una Corte de Estado jurisdicción sobre la
materia, objeto de la controversia, con anterioridad á los
procedimientos de quiebra, se han dictado multitud de re-
soluciones que demuestran la improcedencia de la suspen-
sión decretada, y de esas resoluciones no podemos pres-
cindir de fijar la doctrina que contienen las siguientes:

"a.—In Re Snell et al.—125 Fed. Rep. 154.—Corte de Distrito,
N. D. California.—Esta moción ha sido presentada por Albert Hirsch-
feld con el objeto de que se modifique la resolución dictada anterior-
mente, tendente á suspender los procedimientos en un pleito que
pende ante la Corte Superior del Condado de Nevada, Estado de Ca-
lifornia, entre partes de la una Albert Hirschfeld como demandante
y de la otra B. F. Snell y J. D. Fleming, socios de la sociedad Snell
& Fleming, como demandados.—De la declaración jurada presentada
en apoyo de la moción, aparece (y este hecho no se ha discutido) que
la parte promovente, ó sea el demandante en el pleito citado, obtuvo
un embargo legal sobre ciertas propiedades del insolvente con más de
cuatro meses de anterioridad á la fecha en que dieron principio los
procedimientos de quiebra.  De acuerdo con las decisiones dictadas
en los casos de Metcalf vs. Barker, 187 U. S. 165, 23 Sup. Ct. 67, 47
L. Ed. 122, and In re Beaver Coal Co. 113 Fed. 889, 51 C. C. A. 519,
que resultan autoridades en la materia, debe resolverse que los pro-
cedimientos de quiebra no afectan al gravamen que este embargo su-
pone, por haberse obtenido con más de cuatro meses de anterioridad
á la fecha en que aquéllos fueron instituídos; y de esto se sigue que
se debe permitir al demandante, en el pleito mencionado, continuarlo
hasta obtener sentencia y satisfacerla por medio de la venta de los
bienes embargados.  Véase también como apoyo de esa resolución
Brandenburg sobre Quiebras, 3r. Ed. page 1114.)

b.—In Re Shoemaker.—112 Fed. Rep. 648, 650.—(Corte de Dis-
trito W. D. Virginia.—Cuando una Corte del Estado ha adquirido
jurisdicción sobre los bienes del deudor mediante mandamiento de

embargo que en cumplimiento de sentencia ha sido expedido con anterioridad á la presentación por el demandado de una petición voluntaria para que se le declare en estado de quiebra, la corte en que se presentare tal petición lejos de intervenir por medio de una injunction, á solicitud del insolvente, para impedir que se verifique la venta de dichos bienes de acuerdo con lo dispuesto en el mandamiento, le remitirá á la Corte del Estado, la que, por razón de su prioridad en adquirir jurisdicción, tiene derecho á determinar el efecto que han de tener los procedimientos de quiebra en la continuación de sus procedimientos de ejecución. La cortesía exige que este Tribunal se niegue á restringir las funciones del Oficial de la Corte del Estado aunque no sea más que por la razón de haber adquirido dicha corte jurisdicción sobre la materia objeto de la controversia con anterioridad á la institución de los procedimientos de quiebra.

c.—In Re Gerdes.—102 Fed. Rep. 319, (Corte de Distrito S. D. Ohio.—Las Cortes de quiebras tienen jurisdicción para vender todas las propiedades muebles é inmuebles que pertenezcan á los bienes del insolvente. Si el inmueble estuviere gravado, deberán levantarse los gravámenes ó venderse la propiedad sin perjuicio de los mismos. Pero si el trustee desea vender el inmueble libre de gravámenes, sin satisfacerlos, debe citar á los tenedores de los mismos, para ante el Tribunal porque ellos tienen derecho á ser oídos antes de que la propiedad sea librada de sus cargas ó gravámenes y éstos transferidos ó constituídos sobre los fondos que resulten de la venta de la misma. Los tenedores de esos gravámenes á menos que renuncien á sus garantías y prueben sus derechos, son extraños á los procedimientos de quiebra y tienen derecho á que sus reclamaciones sobre la propiedad sean resueltas por las Cortes del Estado que correspondan al Condado en que este situado el inmueble.—Pero en el caso presente la Corte que conoce de la quiebra no podía ordenar la venta del inmueble en cuestión, porque ya había sido vendido, libre de cargas, por la Corte del Estado, y no pertenecía á los bienes del insolvente ó de su *trustee.*—La hipoteca de Pruden se constituyó con anterioridad á la aprobación de la Ley sobre quiebras, y antes de que se presentara la petición ó solicitud interesando la declaratoria del estado de quiebra, ya él había entablado pleito en la corte del Estado para ejecutar la hipoteca, obtenido una resolución ordenando la venta de la finca, se había también practicado el embargo y anunciado la venta de la propiedad. La Corte del Estado tenía jurisdicción sobre la materia objeto de la controversia y sobre las partes, y el dominio de la propiedad para los

fines de la venta, y según las autoridades en la materia es completa-
mente claro que tenía facultad para proceder á la venta y distribu-
ción del producto de la misma, á pesar de que, pendiente de verifi-
carse la venta, se principiaron los procedimientos de quiebra contra
Gerdes. Su jurisdicción no terminó por haber dado principio los
procedimientos de quiebra y ella tiene jurisdicción exclusiva para
determinar y hacer que se respeten los derechos de Pruden sobre la
propiedad ó el producto de su venta. Railroad Co. vs. Gomila, 132,
U. S. 478, 10 Sup. Ct 155, 33 L. E. 400; Moran vs. Sturges, 154 U. S.
256-265, 14 Sup. Ct. 1019 38 L. Ed. 981.

Del estudio de la Ley de Bancarrota y de la interpreta-
ción que á ella se ha dado por numerosas resoluciones, se
ve con claridad que la suspensión de este procedimiento
en cobro de un gravamen hipotecario es improcedente,
porque tal gravamen es anterior á la referida ley de ban-
carrota, porque el procedimiento para el cobro de dicho
gravamen es también anterior á la declaración de la quie-
bra de Don Jaime Colón, porque aquél se constituyó con
buena fé y sin propósito de burlar la citada ley, que en
1897 no existía y porque la corte de Arecibo había adqui-
rido, con anterioridad, jurisdicción sobre la materia y so-
bre las personas que contienden en el asunto, y en tales
condiciones dicha corte debe seguir el procedimiento con
arreglo á la ley, hasta su completa terminación, y se da en
este caso concreto la circunstancia de que esa Ley Nacio-
nal de Bancarrota, con las resoluciones citadas que consti-
tuyen una sana interpretación de la misma, están en
perfecta armonía con la ley hipotecaria local que en su
artículo 133 dice así:

"No se suspenderá en ningún caso el procedimiento ejecutivo por
las reclamaciones de un tercero, si no estuvieren fundadas en un título
anteriormente inscrito, ni por la muerte del deudor ó del tercer po-
seedor ni por la declaración de quiebra, ni por el concurso de acree-
dores de cualquiera de ellos."

En mérito de lo expuesto somos de opinión, y así lo pro-

ponemos, que debe revocarse el provisto de cinco de Enero de mil novecientos cuatro y su concordante del treinta de Marzo de dicho año, alzándose en su consecuencia la suspensión decretada por la Corte de Arecibo, quien continuará el procedimiento ejecutivo con arreglo á derecho.

*Resuelto de conformidad.*

Jueces concurrentes: Sres. Hernández, MacLeary y Wolf.

El Juez Presidente, Sr. Quiñones, no formó Tribunal en la vista de este caso.