### In re VIDAL.

### In re RAMIREZ-QUIÑONES.

(Circuit Court of Appeals, First Circuit. May 23, 1916.)

#### No. 1148.

1. BANKRUPTCY ⬡350—STATUTES—CONSTRUCTION—STATES—"STATE."

    Under Bankr. Act July 1, 1898, c. 541, § 64b (5), 30 Stat. 563 (Comp. St. 1913, § 9648), declaring that debts owing to any person, who by the laws of the states or the United States is entitled to priority, shall have priority and be paid in full out of the bankrupt estate, the word "state," in view of section 1, cl. 24 (section 9585), declaring that it shall include territories, includes Porto Rico, and so one entitled to priority by Porto Rican laws is entitled to priority under the Bankruptcy Act.

    ·[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. § 537; Dec. Dig. ⬡350.

    For other definitions, see Words and Phrases, First and Second Series, State.]

---

⬡For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

2. BANKRUPTCY ☞350—PRIORITY—PREFERENCE—CLAIMS.

Under Civ. Code Porto Rico, § 1825 (4) a, declaring that preference shall be given to indebtedness which, without a special privilege, appears in a public instrument, a debtor, by authenticating and acknowledging notes by notarial deed, cannot secure priority for the payment of such notes.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. § 537; Dec. Dig. ☞350.]

3. BANKRUPTCY ☞9(2)—STATUTE—EFFECT ON LOCAL LAWS.

Under Organic Act April 12, 1900, c. 191, § 14, 31 Stat. 80 (Comp. St. 1913, § 3762), declaring federal statutes not locally inapplicable effective in Porto Rico, local laws relating to distribution of insolvent estates are unavailing, in so far as the matter is governed by the Bankruptcy Act, and those provisions contrary to the act are of no effect.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. § 8; Dec. Dig. ☞9(2).]

4. BANKRUPTCY ☞350—PREFERENCES—STATUTES.

Civ. Code Porto Rico, § 1825 (4) a, declaring that preference shall be given to indebtedness which, without a special privilege, appears in a public instrument, is part of a comprehensive system for distributing the estates of insolvents, the preferences provided for being different from the priorities created by the Bankruptcy Act, in that they establish various classes of claims which are to be paid in varying orders. Bankr. Act, § 64b (5), while giving preference to liens created by local laws, does not discriminate between such liens. Held that, in the distribution of the estate of a bankrupt, the Bankruptcy Act alone governs, and, though they be treated as not repealed by Organic Act April 12, 1900, making the Bankruptcy Act applicable to Porto Rico, isolated provisions of the Porto Rico Civ. Code, as the above section, do not apply.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. § 537; Dec. Dig. ☞350.]

5. BANKRUPTCY ☞446—REVIEW—EVIDENCE.

On a petition to revise, in matter of law, an order of the District Court in bankruptcy, a finding of the District Court cannot be reviewed, where the evidence was not preserved.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. § 929; Dec. Dig. ☞446.]

6. BANKRUPTCY ☞159—"PREFERENCES"—WHAT CONSTITUTES.

Section 1825(4) a of the Porto Rico Code, relating to acknowledgment of notes by notarial seal, if resorted to by a creditor and an insolvent debtor within four months of his bankruptcy, for the purpose of defeating and evading the provisions of the Bankruptcy Act, cannot be recognized as establishing a priority in such creditor's favor.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 247, 248, 262, 268–281; Dec. Dig. ☞159.

For other definitions, see Words and Phrases, First and Second Series, Preference.]

Petition to Revise in Matter of Law the Proceedings of the District Court of the United States for Porto Rico; Hamilton, Judge.

In the matter of the bankruptcy of Felipe Ramírez-Quiñones. Ermelindo Vidal, having been denied priority by the District Court of the United States for Porto Rico, petitions to revise the proceedings in matter of law. Petition dismissed, and order affirmed.

See, also, 230 Fed. 603.

José A. Poventud, of Ponce, Porto Rico, for petitioner.

Harry F. Besosa, of San Juan, Porto Rico, for respondent.

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

Before DODGE and BINGHAM, Circuit Judges, and ALDRICH, District Judge.

DODGE, Circuit Judge. Felipe Ramírez-Quiñones was adjudged bankrupt by the District Court in Porto Rico, March 3, 1915, upon his voluntary petition filed February 28, 1915. A claim against his estate for $5,987.49, presented by the petitioner, has been allowed as an ordinary creditor's claim. The petitioner sought to have it allowed as a claim having priority under section 64b (5) of the Bankruptcy Act; but the referee held it not entitled to such priority. On review, the District Court affirmed the referee, of which decision and order the petitioner now seeks revision in matter of law by this court.

The petitioner's proof of claim as presented to and allowed by the referee is not before us in the record. It appears from the referee's certificate to the District Court to have been based on certain promissory notes payable to the petitioner, given him by the bankrupt, and aggregating $5,442.85 in original amount. The record does not show how many notes there were, nor their separate dates and amounts.

[1] Section 64b (5) includes among debts to have priority and to be paid in full out of bankrupt estates, "debts owing to any person who by the laws of the states or the United States is entitled to priority." "States," as here used, includes territories, according to section 1 (24); and it is not disputed that if the petitioner is entitled to "priority" by the laws of Porto Rico in respect of his debt, in the sense in which section 64b (5) uses the term, the debt is within the provisions of that section.

[2] The petitioner's alleged right to priority is based by him solely on section 1825 (4) a of the Revised Civil Code of Porto Rico, which, as he has set it forth in his petition, is as follows:

"Sec. 1825. With regard to all other personal and real property of the debtor, preference shall be given to:  *  *  *  (4) Indebtedness which without a special privilege appear (a) in a public instrument."

In his petition he alleges that the promissory notes referred to "had been authenticated and acknowledged by said bankrupt debtor" by "a certain notarial deed executed by the bankrupt herein and your petitioner on the 21st day of November, 1914," and annexed to his proof of claim in bankruptcy. The "notarial deed" here mentioned does not appear in the record, any more than the proof of claim to which the petitioner says it was annexed. But the trustee in bankruptcy in his answer to the petition, filed in this court December 10, 1915, has admitted that the petitioner did at the first creditors' meeting file—

"a proof of claim for $5,987.49 against the estate of the bankrupt herein, attaching to his said proof of claim a certain notarial deed executed by the bankrupt, Felipe Ramírez-Quiñones (his father-in-law), and the said Ermelindo Vidal, on the 21st day of November, 1914, whereby certain promissory notes in favor of the said Ermelindo Vidal, of different maturity dates and for a total sum of $5,442.85 had been authenticated and acknowledged by his father-in-law, the said bankrupt herein."

The answer denied the further allegation of the petition that said authentication and acknowledgment of the notes aforesaid was in ac-

cordance with section 1825, subd. 4, par. (a) of the Code, and averred that:

"On the contrary, they are directly and expressly in contravention of said section and of the laws of Porto Rico."

1. In his opinion, the learned District Judge states as one reason for his decision denying priority to the petitioner's debt, the following:

"(3) It has also been decided in this court (Re Juan Boucet), January 4, 1915, that the Civil Code (section 1825 [4] a), does not apply to promissory notes. Promissory notes are covered by the Code of Commerce, and not by the Civil Code, and merely reciting them in an instrument executed before a notary does not change the obligation in any respect. No new obligation is created. To come within the meaning of section 1825 (4) a, there must be an instrument for a present consideration which creates some right. Unless this is so, the transaction is not protected under the terms of the Bankruptcy Act as to local liens."

If, as above held, section 1825 (4) a of the Porto Rico Code is not applicable to promissory notes, there is nothing to support the petitioner's claim to priority, and we need not inquire further as to the true meaning or proper application of the section. While the petition assigns the above ruling as an alleged error of the District Court (paragraph D), and the trustee in bankruptcy denies that the ruling was erroneous in his answer to the petition (paragraph 11), little or no reference to the ruling has been made by either party in the briefs filed or the arguments; nor have we been furnished with any report of the decision in Re Juan Boucet mentioned by the District Judge. The petitioner can hardly be said to have attempted to show that the District Court was wrong in ruling as it did upon this point. We find the mere terms of section 1825 (4) a, as submitted to us, insufficient to satisfy us that the Porto Rican law really permits the payee of a note to secure its payment in preference to claims of the maker's other creditors merely by agreement with him to that effect made and recorded before a notary. In this case, as also appears from the opinion, the notes were due when the agreement relied on was so made and recorded.

[3, 4] 2. In the next place, even if section 1825 (4) a is capable of application to promissory notes, and the maker's indebtedness may by virtue of it become entitled to "preference" under such circumstances by Porto Rican law, the petitioner does not satisfy us that the "preference" so obtained is the equivalent of "priority" within the meaning of the Bankruptcy Act.

Title XVII of the Porto Rican Code, which includes section 1825, deals with "Concurrence and Preference of Credits." In its three chapters the application of a bankrupt's assets to the payment of creditors' claims is regulated according to an elaborate and complete system, differing widely from that established by the Bankruptcy Act. Chapter I (sections 1812–1821), "General Provisions," relates to the institution and effect of bankruptcy proceedings. Chapter II (sections 1822–1826), "Classification of Credits," prescribes an order in which debts of various kinds are to rank for payment out of various classes of assets forming the estate to be distributed. Section 1823 provides that the various kinds of debts mentioned shall have "preference," with

relation to various kinds of personal property mentioned, in a certain order. In like manner section 1824 gives "preference" in a certain order to various kinds of debts mentioned, with relation to various kinds of real property mentioned. The "preferences" allowed by these two sections seem to resemble liens, rather than priorities, in the system of the Bankruptcy Act. Next comes section 1825, with which we are concerned in this case. It gives "preference" to various kinds of debts mentioned, in a prescribed order, with relation to all other personal and real property. The kinds of debts mentioned in the first three clauses of the section are superior in rank to those mentioned in clause 4, upon which the petitioner relies. These are, in clause 1, taxes; in clause 2 "agricultural loans," which are to have preference as to the crops raised on the property for which the advances were made, another case in which a lien rather than a priority seems intended; and in clause 3, (a) costs and expenses of the proceedings, (b) funeral expenses, (c) expenses of last illness (of the bankrupt, or members of his family), (d) one year's wages due employés and servants, (e) advances for necessaries during the same period to the bankrupt or his family, (f) allowances for their support during the proceedings. Last of all comes clause 4, giving preference (a) to indebtedness not specially privileged appearing by public instrument, (b) to indebtedness appearing by final judgment after litigation. The chapter ends with section 1826, providing that debts of other kinds or upon other consideration, and not covered by the preceding sections, shall not be entitled to "preference."

The last chapter in this title, chapter III, "Priority and Payment of Credits" (sections 1827–1830), provides, in section 1827, that debts having "preference" with regard to specified personal property under section 1823 exclude all others to the extent of the property to which the preference relates. Section 1828 has similar provisions regarding "preferences" given by section 1824 with regard to specified real property. Section 1829 provides that after satisfaction of all "preferences" the residue of the debtor's interest in the property affected shall be applicable to payment of his other debts, and as to debts having "preference," but not fully satisfied by means thereof, that they shall be payable in the order or place belonging to them. Section 1830 prescribes the order in which debts having no preference with regard to specified assets, debts having such preference but unsatisfied, and debts as to which the right to preference has expired shall be paid. As to them the order established by section 1825 is to be followed, debts having preference by their dates to be paid in the order of their dates; all others pro rata.

The system of distribution which title XVII purports to establish as above is plainly inconsistent as a whole with that established by the national Bankruptcy Act. The latter does not undertake to deal with the order in which liens or incumbrances on the assets or particular portions of them shall rank; it deals only with the assets remaining for distribution by the trustee after all such liens and incumbrances have been satisfied; and as against the assets so remaining it recognizes as entitled to prior payment only taxes, expenses connected with the

bankruptcy administration, and wages earned within three months, besides the debts entitled to priority under local law, which are to come last. Provisions of the local law securing debts of certain classes by making them liens or incumbrances upon some or all the assets, to be satisfied therefrom in a certain order, are not to be regarded, therefore, as necessarily giving such debts priority for the purposes of the Bankruptcy Act. It is further to be noticed as to several sections of title XVII that they are directly opposed to provisions of the Bankruptcy Act and could have no force whatever in the face of that act, in any event. See Fritze, Lundt & Co. v. Esperanza Central, 5 Porto Rico Federal Reports, 1, 6. But since all the sections of title XVII appear to form together a consistent whole, and the provisions of each to depend upon those contained in all the others, it is doubtful how far the provisions of any one section can remain effective, detached from the others, for any purpose. By section 14 of Organic Act April 12, 1900 (31 Stats. 77, 80), the federal statutes not locally inapplicable, except as therein otherwise provided, are to have the same force and effect in Porto Rico as in the United States. If, when title XVII of the Porto Rican Code was thus suspended in operation, speaking generally, by the national Bankruptcy Act, any of its provisions were left capable of being recognized as effective for the purpose of giving a priority under section 64b (5), this could only be true of provisions in no way relating to debts expressly dealt with as to priority by the Bankruptcy Act itself. See Re Lewis (D. C.) 99 Fed. 935; Re Worcester County, 102 Fed. 808, 42 C. C. A. 637. The petitioner does not sustain the proposition that the particular clause of section 1825 upon which he relies can be allowed the effect of establishing a priority by itself, even if all the connected provisions found in the Code, which the Bankruptcy Act excludes, be disregarded.

[5, 6] 3. The District Court declined to give section 1825 (4) a the effect claimed for it by the petitioner, holding that to do so, under the circumstances shown by the evidence, would be to recognize as valid an incumbrance created by the bankrupt upon his property, while insolvent, in favor of one creditor, within four months preceding the filing of his petition, such as the Bankruptcy Act does not permit. The briefs and arguments before us have been mainly devoted to the question of the correctness of this ruling.

As has appeared, November 21, 1914, the date of execution before the notary of the instrument relied on by the petitioner, was less than four months before the bankruptcy petition was filed. The findings of the District Court, in its opinion, that the bankrupt was insolvent and the notes due on that day, that said notes were originally given for loans to the bankrupt by the petitioner, his son-in-law, and that there was no new consideration for the execution of the notarial instrument whereby priority is claimed to have been secured, were based upon evidence not before us and cannot be reviewed in the present proceeding. Whether or not any "transfer" of the bankrupt's property was accomplished by the execution of that instrument, such as would be voidable as a preference under section 60b of the Bankruptcy Act; if section 1825 (4) a of the Code was resorted to by the bankrupt and his son-

in-law, as the District Court appears to have held, for the purpose of defeating and evading the provisions of the Bankruptcy Act, we think the court was justified in refusing to recognize the section as effective for that purpose, whatever its effect under other circumstances. But the petitioner has failed, as has been stated above, to satisfy us that the provisions of the section can in any case be taken as provisions of local law establishing priority for the purposes of the Bankruptcy Act.

Let there be a decree dismissing the petition and affirming the order of the District Court, with costs for the respondent.

---

⟏For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes