ROIG, DEMANDANTE Y APELADO, *v.* BARLETTA ET AL., DEMANDADOS Y APELANTES.

APELACIÓN procedente de la Corte de Distrito de Mayagüez en pleito sobre cobro de dinero.

No. 2138.—Resuelto en junio 11, 1920.

QUIEBRA — CRÉDITOS NO AFECTADOS POR LA EXONERACIÓN DEL DEUDOR.—Un crédito no incluido en la lista de acreedores a que se refiere el párrafo 8 de la sección 7 de la vigente ley de quiebras, no queda afectado por la exoneración a que se refiere la sección 17 de dicha ley, a no ser que se demuestre que el acreedor fué notificado o tuvo conocimiento del procedimiento de quiebra.

CESIÓN DE CRÉDITO.—Un crédito reconocido por sentencia es algo que está dentro del comercio de los hombres y puede cederse.

SOCIEDADES MERCANTILES—RESPONSABILIDAD DE LOS SOCIOS.—El hecho de que una sociedad mercantil deje de existir o cese de algún modo en sus negocios, no implica por sí solo la cesación de la responsabilidad personal subsidiaria de sus socios.

Los hechos están expresados en la opinión.

Abogado de los apelantes: *Sr. P. Fajardo.*

Abogados del apelado: *Sres. Benet & Souffront.*

El Juez Asociado Sr. del Toro, emitió la opinión del tribunal.

Los demandados en este pleito son los socios de la mercantil Vicente Barletta y Cía. Cada uno de ellos tenía el carácter de gestor con una participación igual en las ganancias, pérdidas y responsabilidades de la sociedad.

El 19 de octubre de 1917 la Corte de Distrito de Mayagüez dictó sentencia en el pleito seguido por Pedro Olivari contra Vicente Barletta y Cía. condenando a la demandada a satisfacer al demandante $592.03 más los intereses legales a partir de la fecha de la interposición de la demanda. Expedido mandamiento para ejecutar dicha sentencia, fué devuelto sin cumplimentar por no haberse encontrado bienes de la sociedad en qué hacer efectiva la sentencia.

Así las cosas, Olivari cedió a Juan Roig todo el derecho, título e interés que tenía sobre dicha sentencia por la suma de $550 y Roig interpuso la demanda origen de este pleito contra los socios individualmente en cobro de $592.03 de principal y $51.49 de intereses. La corte de distrito dictó sentencia favorable a Roig y los demandados apelaron de ella para ante este tribunal.

Los hechos que dejamos expuestos constan claros de las alegaciones y las pruebas. Las cuestiones que los demandados levantaron en la corte inferior y sostienen en esta Corte Suprema son: (1) Que la sentencia de 19 de octubre de 1917 fué satisfecha por virtud de un procedimiento de quiebra seguido por Vicente Barletta y Cía. en la Corte Federal; (2) que la cesión de Olivari a Roig es nula; y (3) que la cuestión en controversia quedó resuelta en el pleito de Olivari contra Vicente Barletta y Cía.

1. En efecto, se alegó y probó que la mercantil Vicente Barletta y Cía. fué adjudicada en quiebra, y mediante un convenio, que fué finalmente aprobado por la Corte de Distrito de los Estados Unidos y por el cual se obligó a pagar

a sus acreedores un veinte por ciento de sus créditos, quedó exonerada de toda ulterior responsabilidad.

Sin embargo, esa exoneración no puede aplicarse al crédito que se reclama en este pleito porque Olivari, que era acreedor de la sociedad cuando ésta presentó su petición de quiebra, no fué incluído en la lista de acreedores, ni fué citado en el procedimiento, ni se demostró que conociera la existencia del mismo.

El párrafo 8 de la sección 7 de la vigente ley de quiebras dice:

"El quebrado debe: * * * (8) Preparar, jurar y presentar a la corte, dentro de diez días, a menos que un/ término mayor le fuere concedido, después de la declaración de quiebra, * * *, y una lista de sus acreedores, expresando la residencia de los mismos, si fuere conocida, y en el caso de que fuere desconocida expresando tal hecho, el montante debido a cada uno de ellos, la causa u origen de la deuda * * *."

Y el párrafo tercero de la sección 17 de la misma ley que se refiere a las deudas no afectadas por la liberación, expresa:

"La liberación de un quebrado exonerará a éste de todas sus deudas probables, excepto de las siguientes: * * * (3) Las que no hayan sido incluídas a tiempo en la relación de deudas para ser aprobadas y reconocidas, con expresión del nombre del acreedor, si fuere conocido por el quebrado; a no ser que tal acreedor haya sido notificado o tenido en realidad conocimiento del procedimiento de quiebra;"

2. Sostienen los apelantes que la cesión de Olivari a Roig es nula, porque no puede cederse lo que no existe y porque el derecho trasmitido en todo caso era incierto.

Este error depende del que antecede. Se sostiene que el crédito no existía a virtud de la exoneración. Hemos ya resuelto que dicha exoneración no afectó al crédito, y en tal virtud decidido el punto en contra de los apelantes.

Un crédito reconocido por sentencia es algo que está dentro del comercio de los hombres y puede cederse. La incertidumbre que en un caso semejante pueda existir, es algo a

considerar por las partes que contratan, y no puede estimarse como un motivo de nulidad.

3. Insisten los apelantes en que habiendo sido declarada en quiebra la mercantil Vicente Barletta y Cía., quedó extinguida por completo su personalidad, y siendo los demandados miembros de dicha mercantil, su responsabilidad cesó al cesar la de la sociedad.

Es la misma cuestión levantada en otra forma. Existe aquí una sentencia válida contra una sociedad mercantil que fué declarada en quiebra, dictada dicha sentencia a favor de un acreedor no comprendido en ni afectado por la quiebra.

El hecho de que una sociedad mercantil deje de existir o cese de algún modo en sus negocios, no implica por sí solo la cesación de la responsabilidad personal subsidiaria de sus socios. Esa responsabilidad continua, como continuó en este caso, de acuerdo con la ley.

Por virtud de todo lo expuesto, procede la confirmación de la sentencia recurrida.

*Confirmada la sentencia recurrida.*

Jueces concurrentes: Sres. Presidente Hernández y Asociados Aldrey y Hutchison.

El Juez Asociado ·Sr. Wolf no tomó parte en la resolución de este caso.