MIGUEL A. BUSTELO, demandante y apelado, *v.* LUIS R. CERRA y GERARDO CERRA, demandados y apelantes.

No. 6732.—*Sometido:* Enero 28, 1935. *Resuelto:* Febrero 19, 1935.

---

* NOTA: Véase el prefacio.

*Colón Gordiani & Segarra,* abogados de los apelantes; *Arturo Aponte, Faustino R. Aponte, Miguel A. Bustelo y R. García Cintrón,* abogados del apelado.

EL JUEZ ASOCIADO SEÑOR WOLF, emitió la opinión del tribunal.

Se ha presentado una moción para desestimar el recurso por frívolo. En la demanda se alegaba que en 22 de febrero de 1929 el demandante suscribió como fiador un pagaré a favor del Banco Comercial otorgado por Luis Cerra y Gerardo Cerra; que al vencerse la obligación el referido Banco Comercial trató infructuosamente de obtener de dichos deudores el pago de la misma y que entonces el banco requirió al demandante para que pagara la deuda, cosa que hizo. Luego, esta acción fué instituída para recobrar de Luis Cerra y Gerardo Cerra, los demandados en el presente litigio, la suma pagada al Banco.

Aparece que el pagaré venció el 22 de mayo de 1929, y que fué pagado por el demandante el 29 de marzo de 1930. Los apelantes alegaron como defensa que al ser rehabilitados en un procedimiento de quiebra fueron exonerados de todas las deudas existentes contra ellos el 22 de mayo de 1929, y que la reclamación del demandante fué una de las deudas incluídas en la exoneración. El caso fué juzgado ante la Corte de Distrito de Humacao el 24 de mayo de 1933.

De la opinión emitida se desprende que la rehabilitación en quiebra se efectuó el 29 de diciembre de 1929, y que desde luego la misma se retrotraía a la fecha en que se radicó la petición de quiebra. La corte resolvió que la reclamación del Banco Comercial de Humacao había sido incluída en la lista de acreedores, pero que nada había que demostrara que entre los acreedores comunes de los quebrados se incluyera al demandante y apelado en este recurso; que en la contestación no se alegaba que el demandante tenía conocimiento de la existencia del procedimiento de quiebra; que este tribunal había resuelto en el caso de *Roig* v. *Barletta, et al.*, 28 D.P.R. 603, que una reclamación no incluída en la lista de acreedores no quedaba afectada por la rehabilitación, a menos que se demostrara que el acreedor fué notificado o tenía conocimiento del procedimiento de quiebra. En *Villar & Co.* v. *Conde,* 37 D.P.R. 706, resolvimos que cuando los acreedores tenían conocimiento del procedimiento de quiebra la deuda que no figurara en la lista de acreedores quedaba exonerada. La Ley de Quiebras provee que la rehabilitación del quebrado exonera a éste de todas sus deudas probables, con ciertas excepciones, siendo una de ellas cuando las deudas no han sido incluídas en la lista de acreedores a tiempo para ser probadas y concedidas, debiéndose hacer constar el nombre del acreedor, de ser conocido por el quebrado, a menos que tal acreedor fuere notificado o tuviere conocimiento expreso del procedimiento de quiebra. Code of Laws of United States of America, Título 11, párrafo 35, página 246.

La conclusión indicada en el caso de *Roig* v. *Barletta, et al.,* supra, está sostenida por el caso de *Hill* v. *Smith,* 260 U. S. 592. De este último caso se desprende que el acreedor debe demostrar que no se le incluyó en la excepción, o sea que su reclamación no figuraba en la lista de acreedores, sino que existía una excepción a la excepción o sea, ''a menos que el acreedor fuere notificado, etc.'' y si el deudor se basa en ese principio debe presentar prueba para demostrar su de-

recho, citando los casos de *Kreitlein* v. *Ferger*, 238 U. S. 21 y *McKelvey* v. *United States*, 260 U. S. 353.

Surge la cuestión de si la reclamación real o en perspectiva de un fiador es una deuda probable. Hay cortes que han resuelto que tal responsabilidad eventual no era una deuda probable. Algunos de estos casos y otros fueron revisados en el de *Maynard* v. *Elliot*, 283 U. S. 273. Dicha corte resolvió que la obligación de un endosante equivalía por lo menos a una reclamación y por ende que existía una deuda conforme ésta es definida por la ley y que el contexto del párrafo 63 de la Ley de Quiebras, que permite prueba de una reclamación "fundada . . . en un contrato expreso o implícito," era lo suficientemente amplio para comprender la responsabilidad de un endosante de un documento negociable que no había vencido al tiempo de la adjudicación. En las citas del Tribunal Supremo de Estados Unidos existen casos que incluyen la responsabilidad eventual (*contingent*) del mismo quebrado para con otra persona, y casos, como el presente, en que el reclamante era un fiador. La sección 63 **a** que nos referimos más arriba lleva el número 103 en el Código de los Estados Unidos y aparece en la página 254 del mismo. La conclusión a que llegó la Corte Suprema de los Estados Unidos fué bastante bien analizada en el caso de *In re Smith*, 146 Fed. 925, y hacía referencia al de *Moch* v. *Market Street National Bank*, 107 Fed. 897, que parece ser un caso cumbre en la materia. Según estas decisiones, no importa que la deuda hubiese o no vencido al momento de la quiebra, y esto ha sido resuelto en el caso de *Germania Savings Bank & Trust Co.* v. *Loeb*, 188 Fed. 285. Véase también *In re Amdur Shoe Co.*, 13 Fed. (2d) 147; así como *In re Cunningham*, 64 Fed. (2d) 296, que cita el de *Williams* v. *U. S. Fidelity Co.*, 236 U. S. 549.

La prueba en la corte inferior prácticamente admitió que esta reclamación eventual no fué incluída en la lista de acreedores del quebrado y no existe absolutamente ninguna prueba

de que el demandante fuese notificado o tuviera conocimiento del procedimiento de quiebra que estaba pendiente.

*Por tanto nos sentimos obligados a resolver que la apelación es frívola y que la misma debe ser desestimada.*