# 97 DTA 152

## TRIBUNAL DE CIRCUITO DE APELACIONES
## CIRCUITO REGIONAL DE PONCE Y AIBONITO

BANCO FINANCIERO
Demandante-Peticionario

v.

M.E.S., INC.
Demandado-Recurrido

Núm. KLAN-96-01258

San Juan, Puerto Rico, a 27 de junio de 1997

Panel integrado por su Presidente, Juez Negrón Soto
y los Jueces Aponte Jiménez y Segarra Olivero

Aponte Jiménez, Juez Ponente

## TEXTO COMPLETO DE LA SENTENCIA

Mediante el recurso que nos ocupa, el demandante-recurrente, Banco Financiero de Puerto Rico (el Banco), nos solicita que revoquemos una resolución emitida el 10 de octubre de 1996 por el Tribunal de Primera Instancia, Sala Superior de Ponce. La misma ordenó la paralización de los procedimientos seguidos ante ese foro relacionados con la acción presentada por el Banco contra el demandado Maintenance & Engineering Source, Inc. (M.E.S., Inc.) en cobro de dinero y ejecución de prenda e hipoteca, y la reconvención y demanda contra tercero sometida en el mismo pleito por M.E.S., Inc. Según la resolución recurrida, la paralización se mantendría hasta tanto se solicite la continuación de los procedimientos previa acreditación de que la jurisdicción federal se ha consumado. Conforme a los hechos y preceptos que exponemos a continuación, revocamos el dictamen recurrido.

Los hechos no están en controversia. Desde mayo de 1990 M.E.S., Inc. había presentado una petición ante el Tribunal de Quiebra Federal bajo el Capítulo 11 del Código de Quiebra Federal, 11 U. S. C.A. §1101 y s.s. Se acogió así a la protección que le brinda la Ley de Quiebra Federal a aquellos deudores que no desean entregar sus bienes y abandonar sus esfuerzos de lidiar con sus problemas económicos. Posteriormente, el 19 de agosto de 1993, el Tribunal de Quiebra desestimó dicha petición. M.E.S., Inc. acudió en apelación al Tribunal de Distrito Federal en Puerto Rico. La referida apelación se encuentra aún pendiente de resolver ante un Juez federal. Al menos, de los autos no surge lo contrario.

El 28 de junio de 1995, el Banco presentó demanda en cobro de dinero y ejecución de prenda e hipoteca contra M.E.S., Inc. Esta contestó la demanda. Sometió, además, reconvención contra el Banco y demanda de tercero contra el licenciado René F. Sotomayor Santos, abogado del Banco.

El 6 de febrero de 1996, el licenciado Sotomayor Santos solicitó la desestimación de la demanda contra tercero. Alegó, *inter alia*, que la reclamación en su contra estaba prescrita. M.E.S., Inc. contestó. Negó que la demanda estuviese prescrita. Adujo que el dictamen del Tribunal de Quiebra Federal estaba pendiente en apelación ante el Tribunal de Distrito federal.

El tribunal de instancia, sin que nadie se lo requiriera, ordenó la paralización de los procedimientos judiciales ante ese foro hasta tanto se solicitara la continuación de los procedimientos previa acreditación de que la jurisdicción federal se había agotado. Inconforme, el 2 de diciembre de 1996, el Banco presentó ante nos el recurso de *certiorari* que nos ocupa. Solicita que revoquemos Resolución emitida por el foro de instancia. Argumenta que la orden de paralización de los procedimientos judiciales estatales es incorrecta a la luz de lo que dispone la Regla 8005 de las de Quiebras, Bankr. Rule 8005, 11 U.S.C.A. El planteamiento a resolver en este caso es si procede mantener la paralización de los procedimientos en los tribunales estatales estando en apelación una petición de quiebra desestimada.

Atendido el recurso, emitimos resolución el 24 de enero de 1997. Concedimos a M.E.S., Inc. un plazo de quince (15) días para que mostrara causa, si alguna hubiese, por la cual no deberíamos revocar la resolución recurrida y ordenar que se continuaran ante el foro·de instancia los procedimientos paralizados.

M.E.S., Inc., no ha comparecido. Su incumplimiento ha servido para retardar injustificadamente los procedimientos ante este Foro. El 5 de junio de 1997, mediante escrito intitulado *"Moción Para Solicitar Disposición del Recurso"*, el Banco nos solicitó que procediéramos a la revocación de la resolución recurrida y que se permitiera la continuación de los procedimientos ante instancia. En consideración de dicho escrito, y en vista que el término concedido a M.E.S., Inc. para comparecer ha transcurrido en exceso, sin que lo haya hecho, resolvemos conforme a lo intimado.

La sección 362 (a) del Código de Quiebra federal, 11 U.S.C.A. §362 (a), provee para la paralización automática *("automatic stay")* de todo procedimiento o actuación contra una persona o entidad que presenta una petición ante el Tribunal de Quiebra Federal bajo las secciones 301, 302-303 de ese Título. La misma opera para prohibir el comienzo o la continuación de una acción Civil contra el deudor al igual que la ejecución de una sentencia en su contra que haya sido obtenida antes del comienzo del caso. véase, nota A al calce Núm. 5 en *Morales Pérez y otros v. Clínica Femenina de Puerto Rico*, **94 J.T.S. 61.**

Para que surta efecto la paralización automática dispuesta, es suficiente con la mera presentación de la solicitud de quiebra. *"Tan pronto esto ocurre, en lo que atañe a los tribunales estatales, éstos pierden toda jurisdicción. Ese es precisamente el sentido de la calidad de automática que caracteriza a esta paralización" La paralización automática de la Ley de Quiebra*, Instituto de Estudios Judiciales, Administración de los Tribunales, pág. 11 (1993). Véase, además, *Highland Realty Inc. v. Tribunal Superior*, 103 D.P.R. 306 (1975); Collier on Bankruptcy, 15th. ed. rev. 1996, Mathew Bender, sec. 362-362.01; 1 Rosemary E. Williams, Bankruptcy Practice Handbook, Callaghan 1983, sec. 6.18. Su duración concluye, entre otras causas, cuando el caso es desestimado, o al deudor se le releva (discharged). 11 U.S.C.A. §362 (C). Es decir, mientras los procedimientos se encuentran pendientes ante el Tribunal de Quiebra procede la paralización automática.

Ahora, una vez la petición de quiebra del deudor es desestimada, como en el caso de autos, la paralización automática cesa y la protección se extingue. Resulta necesario entonces que el deudor solicite la paralización del efecto del dictamen que, como en este caso, desestima su petición de quiebra.

Para obtenerla, mientras se resuelve la apelación instada, se debe seguir el procedimiento establecido por la Regla 8005 de las de Quiebra, *supra*. Esta Regla dispone lo siguiente:

*"A motion for a stay of the judgement, order, or decree of a bankruptcy judge, for approval of a supersedeas bond, or for other relief pending appeal must ordinarily be presented to the bankruptcy judge in the first instance. Notwithstanding Rule 7062 but subject to the power of the district court and the bankruptcy appellate panel reserved hereinafter, the bankruptcy judge may suspend or order the continuation of other proceedings in the case under the Code or make any other appropiate order during the pendency of an appeal on such terms as will protect the rights of all parties in interest. A motion for such relief, or for modification or termination of relief granted by a bankruptcy judge, may be made to the district court or the bankruptcy appellate panel, but the motion shall show why the relief, modification or termination was not obtained from the bankrupcy judge. The district court or the bankruptcy appellate panel may condition the relief it grants under this rule on the filing of a bond or other appropiate security with the bankruptcy court. When an appeal is taken by a trustee, a bond or other appropiate security may be required, but when an appeal is taken by the United states or an officer or agency thereof or by direction of any department of the Government of the United States a bond or other security shall not be required."* (Enfasis suplido.)

Como se ve, dicho precepto establece un vehículo para obtener la paralización del dictamen hasta tanto se resuelva la apelación. Se solicita, como regla general, primeramente ante el juez del Tribunal de Quiebra por medio de una moción que puede ser oral o escrita.

De otra parte, la Regla 7062 de Quiebra, Bankr. Rule 7062, 11 U. S. C. A. , ▉ adopta la Regla 62 de Procedimiento Civil federal, Fed. Rules Civ. Proc. Rule 62, 28 U.S.C.A., que en su inciso (d) establece la forma de obtener la paralización mientras se encuentre pendiente la apelación. ▉ Bajo la referida Regla 62(d) la paralización del dictamen se mantiene al prestar una fianza adecuada *("supersedeas bond").* Si el juez del Tribunal de Quiebra deniega la paralización, el deudor puede solicitarla entonces ante el juez del Tribunal de Distrito Federal.

La consecuencia de no obtener la paralización por cualquier medio es que podrá interpretarse que el dictamen del juez del Tribunal de Quiebra es final, aun cuando una apelación este pendiente. Por ende, podrá solicitarse que la sentencia sea ejecutada o que se actúe de acuerdo al dictamen del juez. Véase, Collier, *ob. cit.,* sec. 8005-8005.01 Williams *ob. cit.,* sec. 16:06.

De los autos ante nos surge que la petición de quiebra de M.E.S., Inc. fue desestimada por el Tribunal de Quiebra. Dicha parte optó por apelar ante el Tribunal de Distrito Federal. Ninguno de los dos foros aludidos ha ordenado la paralización del dictamen emitido por el Tribunal de Quiebra que desestimó la petición de M.E.S. En ese caso no procede mantener la paralización automática. Por consiguiente, cometió grave error el foro recurrido al decretar, bajo las circunstancias narradas, la paralización de los procedimientos relativos a la demanda presentada por el Banco.

Por los motivos que anteceden, revocamos el dictamen recurrido. Se deja sin efecto la paralización, disponiéndose así la continuación de los procedimientos judiciales iniciados ante el foro de instancia.

Lo acuerda el tribunal y lo certifica la Secretaria General.

Aida Ileana Oquendo Graulau
Secretaria General

### ESCOLIOS 97 DTA 152

1. *"Rule 62 F.R. Civ. P. applies in adversary proceedings. An order granting relief from an automatic stay provided by sec. 362, sec. 922, sec. 1201, or sec. 1301 of the Code, an order authorizing or prohibiting the use of cash collateral or the use, sale or lease of property of the estate under sec. 363, an order authorizing the trustee to obtain credit pursuant to sec. 364, and an order authorizing the assumption or assignment of an executory contract or unexpired lease pursuant to sec. 365 shall be additional exemptions to Rule 62 (a)."*

2. *"Stay upon appeal. When an appeal is taken the appellant by giving a supersedeas bond may obtain a stay subject to the exceptions contained in subdivision (a) of this rule."*